[Civ. No. 21323. First Dist., Div. Three. Feb. 21, 1964.]

MARGARET D. TAYLOR, Plaintiff and Respondent, v. PREFERRED RISK MUTUAL INSURANCE COMPANY, Defendant and Appellant.

James P. Shovlin, Jr., and Herbert Chamberlin for Defendant and Appellant.

Gonick & Schmid and Harry Gonick for Plaintiff and Respondent.

DRAPER, P. J.— Defendant issued its automobile liability insurance policy to plaintiff's husband in 1961. The policy included the uninsured motorist provisions required by California law (Ins. Code, § 11580.2) with limit of $10,000 for injury to one person. Plaintiff, an occupant of the insured vehicle, was injured when it collided, on a California highway, with a car registered and principally used in Texas. Bodily injury liability insurance on that car was carried by a Texas company not licensed as an insurer in California, with maximum limits of only $5,000 for injury to one person.

Plaintiff filed an action in Alameda County against the Texas owner and driver, praying for $31,754.48 damages for her bodily injuries. She then asserted her claim against defendant under its uninsured motorist clause. Defendant denied liability, asserting that the Texas car was not uninsured. Plaintiff brought this declaratory relief action. Judgment declared the uninsured motorist coverage to be applicable, and defendant appeals.

Since the policy was issued May 9, 1961, and the accident occurred July 20, 1961, the applicable uninsured motorist statute is that in effect before the 1961 amendments (Stats. 1959, ch. 817, p. 2835). It requires (subd. (a)) "coverage limits at least equal" to those required by the financial responsibility law, i.e., $10,000 for injury to one person (Veh. Code, §§ 16059, 16451), but defines an "uninsured motor vehicle" as one to which "there is no bodily injury liability

insurance . . . applicable at the time of the accident'' (subd. (b)).

The two provisions are in obvious conflict. The first evinces a clear legislative intent that every California motorist who is insured against liability for bodily injury shall himself be assured of payment of ''at least'' $10,000 of an award to him for bodily injury caused to him by the actionable fault of another driver. This view of subdivision (a) is strengthened by its provision that the insurer is to be surety, in such minimum amount, for valid claims of the insured against an ''unknown'' (i.e., hit-run) driver, or against one operating the car at fault without permission (i.e., a thief). The quoted provision of subdivision (b), literally applied, would mean that the insurer of the injured party would have no liability whatever as surety for the financially irresponsible wrongdoer if the latter carried insurance of $1,000, $500, or even $1.00, rather than the $10,000/20,000 limits contemplated by the act.

The conflict can be reconciled only by construing the first provision as waiving the minimum limits of suretyship as to a motorist at fault who has some insurance or bond, however small; or by construing the second provision to define as uninsured a vehicle carrying insurance or bond in limits less than the financial responsibility requirements of the Vehicle Code.

The second alternative more nearly approaches the declared legislative intent. Legislative attention was directed to a gap in the financial responsibility law, which, although it provides minimum coverage requirements, in fact comes into operation only after the first accident caused by an irresponsible motorist. (See Assembly Interim Committee Reports, vol. 20, No. 6 [vol. 3, Appendix to Journal of the Assembly, Reg. Sess. 1959, pp. 11, 14].) ■ Moreover, the declared legislative and judicial policy of this state is to give monetary protection to those who, lawfully using the highways, suffer injury through negligent use of the highways by others (*Continental Cas. Co.* v. *Phoenix Constr. Co.*, 46 Cal.2d 423, 434 [296 P.2d 801, 57 A.L.R.2d 914]; *Interinsurance Exchange* v. *Ohio Cas. Ins. Co.*, 58 Cal.2d 142, 153 [23 Cal.Rptr. 592, 373 P.2d 640]).

■ Thus we have no· hesitancy in choosing the second alternative. We note that a form of standard policy now in use appears to grant such coverage (see 12 Drake L.R. 120-121), thus indicating acceptance by many insurers of the

view we express. No "double coverage" problem is involved, since the act (subd. (e) ) gives defendant subrogation rights against the Texan, and thus affords it recourse to such coverage as he has.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied March 17, 1964, and appellant's petition for a hearing by the Supreme Court was denied April 15, 1964.