Belknap,
No. 5559.

HERVE CARRIGNAN & a.

v.

ALLSTATE INSURANCE COMPANY.

Argued February 7, 1967.
Decided April 28, 1967.

*Normandin, McIntyre, Cheney & O'Neil* ( *Mr. A. Gerard O'Neil* orally ), for the plaintiffs.

*Fisher, Parsons, Moran & Temple* ( *Mr. Robert H. Temple* orally ), for the defendant.

KENISON, C. J. The issue to be decided in this case is whether Chalifour was an " uninsured " motorist to the extent that his liability coverage with American Insurance Company was less than that provided for in the uninsured motorist endorsement coverage issued by the defendant to the plaintiffs. There is no statutory definition of uninsured automobiles except as set forth in endorsements approved by the Insurance Commissioner of this state. RSA 268:15. The approved endorsement that appeared in the plaintiffs' policy issued by the defendant defined an uninsured automobile as a hit-and-run automobile ( which is not involved in this case ) and also as follows: " An automobile with respect to the ownership, maintenance or use of which there is *no bodily injury liability bond or insurance policy applicable* at the time of the accident . . . . " ( Emphasis supplied ).

" New Hampshire in 1957 was the first state to require that uninsured motorist coverage be made a standard feature of every policy of automobile liability insurance issued in the state. " 48 Calif. L. Rev. 516, 517 ( 1960 ); Laws 1957, 305:8-10, approved August 2, 1957 and effective September 1, 1957; RSA 268:15, 16; RSA 412:2-a ( supp ); *Kirouac* v. *Healey*, 104 N. H. 157, 158; Murphy, Public Responsibility and the Uninsured Motorist, 1959 Ins. L. J. 491, 500. " Uninsured motorist coverage was first proposed by liability insurance carriers both as a result of their concern for the victims of irresponsible motorists and because of their dislike for state-imposed programs of compulsory insurance and public unsatisfied judgment funds. " Uninsured Motorist Coverage — A Survey, 1962 Wash. U. L. Q. 134, 135; Hentemann, Uninsured Motorist Coverage, 12 Cleveland-Marshall L. Rev. 66, 67 ( 1963 ). This coverage was " designed to close a gap in the protection afforded the public . . ." under our Financial Responsibility Act. *Kirouac* v. *Healey*, 104 N. H. 157, 159. While this gap was never entirely closed ( *Hein* v.

*Nationwide Ins. Co.*, 106 N. H. 378 ) it did provide " a more complete protection than formerly existed. " *Maryland Cas. Co.* v. *Howe*, 106 N. H. 422, 424; 12 Couch, Insurance 2d, *s.* 45:623 ( 1964 ).

" If in a given case the state dollar requirement is $10,000 and the insured is injured by a motorist who carries only $5,000 in liability insurance, can it be said, for purposes of the uninsured motorist clause, that the negligent driver is *uninsured* to the extent of $5,000 ? Legislation [ in some states, see *White* v. *Nationwide Mut. Ins. Co.*, 361 F. 2d 785 ( 4th Cir. 1966 )] has specifically provided an affirmative answer to the question. However, bearing in mind the underlying purpose of this type of insurance, it is difficult to perceive any rational distinction between a partially insured and a totally uninsured motorist, since in either case insurance does not exist in an amount equal to that required under the financial responsibility laws. " Uninsured Motorist Coverage — A Survey, 1962 Wash. U. L. Q. 134, 138-139. 7 Blashfield, Automobile Law and Practice, *s.* 274.10, *p.* 76 ( 1966 ).

The defendant contends that the phrase of the endorsement " no bodily injury liability bond or insurance policy applicable at the time of the accident " means exactly what it says and nothing more or less. This contention has some linguistic logic as a matter of semantics if it is considered in isolation. However the purpose and objective of uninsured motorist coverage must be considered in the statutory framework of the minimum coverages required by our statutes. RSA 268:15, 16; RSA 412:2-a ( supp ). The defendant concedes the definition of an uninsured automobile contained in endorsements used generally since 1963 would provide coverage on the facts of this case but argues that because the wording of this earlier endorsement is different, it cannot afford coverage on the facts of this case. We reject this latter contention because as stated in *Allstate Insurance Co.* v. *Fusco*, ( R. I. ) 223 A. 2d 447, 451, it is " based on syntax rather than substance. " Stated another way, on the facts in the present case we think the endorsement read in light of the statutory requirements ( RSA 268:1 VII ) means that an automobile which is not insured for bodily injury liability in the minimum limits established by our Legislature is an uninsured automobile to the extent to which its insurance coverage falls

134

short of the statutory limits. In this case the deficiency is $5,000. Annot. 79 A.L.R. 2d 1252; 7 Appleman, Insurance Law and Practice, *s.* 4331 ( 1966 Supp. )

The plaintiffs' exception to the dismissal of the petition for declaratory judgment is sustained and the order is

*Remanded.*

All concurred.