Lester Holtzmau, J.
This is an application by an insurance company to stay arbitration of a claim made against it pursuant to an uninsured motorist provision of an insurance policy. The petitioner seeks an immediate jury trial of the issue of whether the automobile operated by the respondent was in physical contact with a “ hit-and-run ” automobile.
There is no constitutional right to a jury trial of issues raised on a motion to stay arbitration. (Matter of Andolina [MVAIC], (23 A D 2d 958; Matter of MVAIC v. Coccaro, 40 Misc 2d 1038.) Moreover, the statutory right to such a trial which was provided in section 1450 and subdivision 2 of section 1458 of the Civil Practice Act was not carried over into the CPLR. It may be, as contended in Weinstein-Korn-Miller (N. Y. Civ. Prac., Vol. 4, par. 4101.28) that the new arbitration provisions were “not intended to eliminate trial by jury if it is desirable or constitutionally required ’ ’, but if this was in fact an oversight by the Legislature, that body has had ample opportunity to correct the alleged error since the original enacting of the CPLR. It has not done so however.
One of the prime purposes of an agreement to arbitrate differences which may exist in the future between parties is to enable them to secure a speedy determination of the differences without conforming to the strict formalities necessary in a court of law. If such parties are required to try preliminary questions before a jury, this would not only add to the already overburdened jury calendar in this court, but would unduly delay the determination sought by the parties. This is particularly the ease with regard to uninsured motorists’ claims which now occupy a substantial part of the Special Term Motion Calendar. The request for a jury trial is denied.
Petitioner, nevertheless, is entitled to a preliminary hearing by the court on the issue of whether there was physical contact within the meaning of MVAIC v. Eisenberg (18 N Y 2d 1) between the automobile operated by the respondent and a “ hit-and-run ” automobile. This issue is referred to the Honorable Samuel S. Tripp to hear and report unless the parties stipulate that the reference be to hear and determine. Arbitration shall be stayed pending the coming in of the Special Referee’s report or his determination if the parties so stipulate.