(No. 41818.—

Roy J. Smiley *et al.*, Appellants, *vs.* The Estate of Charles Toney *et al.*—(Country Mutual Insurance Company, Appellee.)

*Opinion filed Nov. 26, 1969.—Rehearing denied Jan. 26, 1970.*

REESE, SCHLUETER & ECKLUND, of Rockford, (BERNARD P. REESE, JR., of counsel,) for appellants.

MAYNARD & BRASSFIELD, of Rockford, (EUGENE E. BRASSFIELD, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The issue in this case, which is here on leave granted to appeal from a decision of the Appellate Court, Second District (100 Ill. App. 2d 271), involves the construction of the "uninsured motorist" provision of the Illinois Insurance Code. Ill. Rev. Stat. 1963, ch. 73, par. 755a.

The issue arose in this way. Roy Smiley was a passenger in Byron Emanuel's car when it was struck by a car negligently driven by Charles Toney. The plaintiffs in this action are Smiley and the administrator of Emanuel's estate, and the primary defendant was the administrator of Toney's estate. A jury returned a verdict in favor of Smiley in the sum of $25,000 and in favor of Emanuel's estate in the sum of $55,000, which was reduced by the trial court to $30,000. Judgments have now been entered for the plaintiffs in these amounts, and no appeal has been taken. At the time of the accident Toney carried a valid policy of liability insurance with limits of $10,000 for each person and $20,000 for each accident. Each plaintiff has been paid $10,000 by Toney's insurance carrier.

Emanuel carried insurance with Country Mutual Insurance Company. His policy provided uninsured motorist cov-

erage in the sum of $50,000 for each person and $100,000 for each accident. The present dispute is between the plaintiffs and Country Mutual. In a separate count of their complaint the plaintiffs joined Country Mutual as a defendant and sought a declaratory judgment that it is liable to them for any amounts they might recover in excess of the limits of Toney's liability insurance policy. This count was dismissed on motion before the liability issue was tried, and the appellate court affirmed the dismissal. We allowed leave to appeal.

The plaintiffs contend that Toney was uninsured to the extent that their damages exceed the proceeds of his liability insurance. They argue that they are therefore entitled to recover under the uninsured vehicle provision of Emanuel's policy and that the restrictive definition of an uninsured vehicle contained in that policy is invalid because it conflicts with the purpose of section 143a of the Insurance Code. (Ill. Rev. Stat. 1963, ch. 73, par. 755a.) Country Mutual replies that since the statute fails to define an uninsured vehicle, the parties are free to draft their own definition and that the unambiguous definition contained in Emanuel's policy must control. Section 143a provided:

"On and after the effective date of this amendatory Act of 1963, no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7—203 of the 'Illinois Motor Vehicle Law', approved July 11, 1957, as heretofore and hereafter amended, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-

and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, except that the named insured shall have the right to reject such coverage, and except that, unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer."

The uninsured vehicle coverage of the Country Mutual policy is as follows:

"*Coverage U*—Damages for Bodily Injury Caused by Uninsured Vehicles.

"To pay all sums which the Insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an Uninsured Vehicle because of bodily injury, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the Insured, caused by accident and arising out of the ownership, maintenance or use of such Uninsured Vehicle; * * *.

"*Definitions:* With Respect to this Section: * * * '*Uninsured Vehicle*' means: (1) a vehicle with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or bodily injury liability insurance policy applicable at the time of the accident, with respect to any person or organization legally responsible for the use of such vehicle, * * *."

We are not persuaded that the policy definition of an "uninsured vehicle", if it is unambiguous, must always control the application of the statute. The statutory coverage is mandatory, and it may not be whittled away by an unduly restrictive definition. Indeed, the defendant concedes as much, pointing out that "research of the case law" indicates that before the uninsured motorist provisions of a policy come into operation it is necessary "that the tortfeasor does

in fact constitute an uninsured motorist, either being insured for less than the Financial Responsibility Law of the state in which the accident occurred, or by his insurance company denying coverage due to a variety of reasons." And indeed, it is generally recognized, for example, that despite a contrary policy definition, the purpose of an uninsured vehicle statute requires that a motorist be considered uninsured if he carries liability insurance in an amount below the minimum required by the financial responsibility law. *Carrignan* v. *Allstate Ins. Co.* (1967), 108 N.H. 131, 229 A. 2d 179; *Allstate Insurance Co.* v. *Fusco,* 101 R.I. 350, 223 A.2d 447; *Taylor* v. *Preferred Risk Mut. Ins. Co.* (1964), 225 Cal. App. 2d 80, 37 Cal. Rptr. 63.

On the other hand, we cannot agree with the contentions of the plaintiffs. The main thrust of their argument is that whether a vehicle is uninsured is to be determined not as of the date of the accident, but rather as of the time when it is ascertained that a tortfeasor, from whom a party is "legally entitled" to recover damages, has no insurance, or insurance that is inadequate to satisfy the liability. In this way, they say, the purpose of the statute is served and those decisions which have applied the statute when there was insurance below the amount required by the applicable financial responsibility law, or when the insurer denied coverage or became insolvent, are explained. The purpose of the statute, in their view is to allow "compensation of the injured party for his damages to the extent of the insurance available, including any insurance carried by the tortfeasor."

The difficulty with this argument is that it would expand the statute so that it would apply to every tortfeasor whose insurance coverage, no matter how large it may be, is still less than that of the plaintiff under the uninsured motorist provision of his own policy. We are aware of no case that has so held, and certainly the language of the statute does not suggest this result. Indeed, under the plaintiffs' interpretation the statutory reference to "owners or operators of un-

132

insured motor vehicles and hit and run motorists" would be meaningless or misleading. As we read the statute, mandatory coverage is required only up to the amounts required by the financial responsibility law. The cases that have permitted recovery under uninsured motorists clauses although the tortfeasor was actually insured, were cases in which the latter was insured in an amount less than that required by the applicable financial responsibility law. In such a situation, as pointed out by Chief Justice Kenison in the *Carrignan* case, policy restrictions that contravene the purpose and objective of the statute are superseded. Beyond the area of mandatory coverage, however, the parties are governed by their contract.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*