(No. 43742.—

AGATHA BARNES, Appellant, v. WILLIAM POWELL.—
(LA SALLE NATIONAL INSURANCE COMPANY,
Intervenor-Appellee.)

*Opinion filed October 4, 1971.—Rehearing denied Nov. 24, 1971.*

RYAN, J., took no part.
UNDERWOOD, C.J., and DAVIS, J., dissenting.

JOHN B. CASHION, of Chicago, for appellant.

ROBSON, MASTERS, RYAN, BRUMUND and BELOM, of Joliet, and SIDNEY Z. KARASIK, of Chicago, (DON E. RYAN and FRANK H. MASTERS, JR., of counsel,) for appellee La Salle National Insurance Co.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Plaintiff, Agatha Barnes, co-owner of an automobile, sued for personal injuries suffered by her while riding as a passenger in said car and driven by defendant William Powell. The one-car accident occurred when the driver failed to make a turn in the highway causing the car to leave the road and strike a large rock. Plaintiff claimed that the driver who was uninsured at the time was guilty of wilful and wanton conduct.

LaSalle National Insurance Company (LaSalle), insurer of the vehicle, filed an intervening complaint for declara-

tory judgment to declare that its policy did not cover the accident, that the driver of the car was not an "uninsured motorist" within the uninsured motorist provision of the policy and that certain express exclusions therein barred any liability of the insurer. The trial court found for the intervenor-insurer, the appellate court affirmed (129 Ill. App.2d 16) and we granted leave to appeal.

The automobile insurance policy, issued by LaSalle to Ernest Barnes, husband of the plaintiff, and co-owner of the automobile, contained liability coverage in the amount of $20,000-$40,000. Parties admit that due to a policy provision she is not entitled to recover under the liability portion of the policy, except that she is entitled to coverage under the $1,000 medical provision. The policy also contained a $10,000-$20,000 uninsured motorist provision. The only issue to be decided is whether the uninsured motorist coverage of the policy is applicable to the claim for the personal injuries sustained by plaintiff.

The uninsured motorist provision of the policy provided that the company would pay all sums which the insured would be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile. The persons insured under this provision included the named insured and any relative and any other person while occupying an insured automobile. An "insured automobile" was defined as an owned automobile used by the insured or "by any other person to whom the named insured has given permission to use such automobile" and an "uninsured automobile" was defined in the policy as an automobile in which there is "no bodily injury or liability bond or insurance applicable *** for the use of such automobile." An express provision prescribed that "uninsured automobile" shall not include "an insured automobile".

Determination of the issue involves an interpretation

of legislation (Ill.Rev.Stat .1969, ch. 73, par. 755a) upon which the uninsured motorist provision is based. Section 143a of the Illinois Insurance Code (par. 755a) provided in part: "(1) On or after the effective date of this amendatory Act of 1963, no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7–203 of the 'Illinois Motor Vehicle Law', approved July 11, 1957, as heretofore and hereafter amended [Financial Responsibility Law], for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, except that the named insured shall have the right to reject such coverage only on policies delivered, renewed or issued for delivery prior to July 1, 1967."

LaSalle argues that according to the policy plaintiff is not covered by the uninsured motorist provision because at the time of the accident she was riding in an insured automobile and the term "uninsured automobile" specifically excludes an insured automobile. Plaintiff argues that defendant had no insurance of his own, that because of specific exclusions in the liability portion of her policy, there was no liability coverage for the defendant as to the plaintiff and that, therefore, as to her, defendant was an uninsured motorist.

In *Ullman v. Wolverine Insurance Co., 48 Ill.2d 1* this court stated: "It would appear that the purpose of the provision in our Insurance Code requiring that every automobile liability policy shall contain uninsured motorist vehicle coverage in an amount not less than the limits

described in the Financial Responsibility Law (Ill.Rev.Stat. 1969, ch. 95½, par. 7A—101 *et seq.*) was intended to place the policyholder in substantially the same position he would occupy, so far as his being injured or killed is concerned, if the wrongful driver had had the minimum liability insurance required by the Financial Responsibility Act. See *Peterson v. State Farm Mutual Automobile Ins. Co. (1964), 238 Ore. 106, 393 P.2d 651, 653; Durant v. Motor Vehicle Accident Indem. Corp., 15 N.Y.2d 408, 207 N.E.2d 600, 601,* dissenting opinion; Long, The Law of Liability Insurance, sec. 24.03." (48 Ill.2d at 4.) And in *Putnam v. New Amsterdam Casualty Co., 48 Ill.2d 71,* this court commented: "*** we believe the reasonable purpose of the statutory uninsured motorist provisions is to assure that compensation will be available to policyholders, in the event of injury by an uninsured motorist, to at least the same extent compensation is available for injury by a motorist who is insured in compliance with the Financial Responsibility Law." 48 Ill.2d at 89.

It is clear that there is an inconsistency between the liability coverage provision and the uninsured motorist provision of plaintiff's policy. On the one hand plaintiff is excluded from the liability coverage for the driver, and on the other, the driver does not qualify as an uninsured motorist even though there is no insurance available. So LaSalle would have us designate the automobile as insured, even though in fact as to the plaintiff it is uninsured. As stated by the court in *Smiley v. Estate of Toney, 44 Ill.2d 127, at 130-131:* "We are not persuaded that the policy definition of an 'uninsured vehicle,' if it is unambiguous, must always control the application of the statute. The statutory coverage is mandatory, and it may not be whittled away by an unduly restrictive definition. Indeed, the defendant concedes as much, pointing out that 'research of the case law' indicates that before the uninsured motorist provisions of a policy come into operation it is necessary 'that the tortfeasor does in fact

constitute an uninsured motorist, either being insured for less than the Financial Responsibility Law of the state in which the accident occurred, or by his insurance company denying coverage due to a variety of reasons.' And indeed, it is generally recognized, for example, that despite a contrary policy definition, the purpose of an uninsured vehicle statute requires that a motorist be considered uninsured if he carries liability insurance in an amount below the minimum required by the financial responsibility law. *Corrigan v. Allstate Ins. Co. (1967), 108 N.H. 131, 229 A.2d 179; Allstate Insurance Co. v. Fusco, 101 R.I. 350, 223 A.2d 447; Taylor v. Preferred Risk Mut. Ins. Co. (1964), 225 Cal.App.2d 80, 37 Cal.Rptr. 63.*"

LaSalle argues that a vehicle which otherwise meets the definition of "insured automobile" according to the terms of the policy, does not become an "uninsured" automobile merely because the driver in fact has no insurance. We find that the intent of the legislature was that the uninsured motorist coverage would protect an insured generally against injuries caused by motorists who are uninsured, and by hit-and-run motorists, and that this would complement the liability coverage. The distinction that the uninsured motorist was the driver of the automobile in which plaintiff was a passenger, rather than the driver of another automobile, is not decisive. As to this particular plaintiff, because she was excluded from the liability coverage of the policy, the automobile was not an insured automobile and the driver was not an insured motorist, notwithstanding that as to all others the automobile and the driver may have been insured. Because no liability insurance was applicable to the plaintiff at the time of the accident, her uninsured motorist coverage necessarily became effective in light of the legislative mandate. Our conclusion is in accord with *Bowsher v. State Farm Fire and Cas. Co., 244 Ore. 549, 419 P.2d 606,* and with the practice of construing limitations on coverage liberally in favor of the policyholder.

We note incidentally that the statute in effect at the time of the accident (Ill.Rev.Stat. 1963, ch. 73, par. 755a) gave the policyholder an option to reject the uninsured motorist provision, so that if the policyholder wished the coverage, he had to pay an increased premium for this type of additional coverage. Plaintiff paid the extra premium for protection against uninsured motorists, and we believe that she should be protected in this situation.

Considering the foregoing we find that the automobile was uninsured as to the plaintiff within the meaning of the policy as it must be construed in light of uninsured motorist legislation, and therefore reverse the judgment of the appellate court, and remand the cause to the circuit court. *Reversed and remanded.*

MR. JUSTICE RYAN took no part in the consideration or decision of this case.

MR. CHIEF JUSTICE UNDERWOOD, dissenting:

I would not be persuaded to dissent if my only concern were with the result in this case, for that result is not totally devoid of appeal. My real problem arises from the fact that the majority opinion represents, in my judgment, a substantial departure from the underlying philosophy of *Putnam v. New Amsterdam Casualty Co., 48 Ill.2d 71,* and *Ullman v. Wolverine Insurance Co., 48 Ill.2d 1,* in which a majority of this court adhered to what I considered to be the normal meaning of the statutory and policy language, despite the presence of emotionally appealing reasons for a contrary result. Here, however, the majority opinion reverses the judgments of the appellate court for the Third District and the trial court by holding the insurance policy in this case provides coverage which the parties and the majority seem to concede to be excluded by the terms of the policy itself. This, to me, rather remarkable result is achieved by holding the policy terms contrary to the statutorily required coverage. With this result I cannot agree.

I concur in the logic and reasoning of the appellate

court. Additionally, I would point out that the legislative intent is manifest in the language used. The statute (Ill.Rev.Stat. 1969, ch. 73, par. 755a) speaks of coverage providing protection against damage from an "uninsured motor vehicle". The majority somehow convert this plain statement to mean an "uninsured motorist". There is a substantial difference, as is emphasized by the facts of this case.

It is undisputed that La Salle's policy specifically excluded damage in the operation of insured automobiles from its uninsured automobile coverage, and that plaintiff's car was an insured automobile. It is to me clear that in enacting the statute before us the legislative focus was upon accidents involving more than one car, and the purpose was to provide protection against the ordinary situation involving damage resulting from collisions with other vehicles which were uninsured. The exclusion from the policy coverage of damage caused by the operation of insured automobiles was, clearly, not prohibited by the statute, and the terms of the contract between the insurer and its policyholder should be enforced.

It seems to me that the majority opinion demonstrates a belief by those who join therein that the legislature should have reqired coverage in the situation presented here. Perhaps it should have. But it seems clear to me that the legislature did not do so, and I do not regard it as within the proper scope of the judicial function to disregard what I consider to be plain meaning of the language used in order to accomplish a result considered more desirable. Rather, we should exercise the commendable restraint demonstrated by the appellate court in its recognition of the desirability of broader coverage, but its decision that such change was properly a legislative matter.

I would affirm the judgment of the appellate court.

MR. JUSTICE DAVIS, also dissenting:

I join in the dissent of Chief Justice Underwood and also make the following observations:

There are two questions presented in this case: first, under the policy provisions of the insurance contract was Mrs. Barnes's automobile "an uninsured automobile"; and second, if not, were the policy provisions which denied Mrs. Barnes the right to recover under the uninsured motorist coverage contrary to the public policy of this State and unenforceable.

The first query is easily answered. The parties concede that under the insurance contract, the plaintiff's own automobile was not an uninsured motor vehicle. Also, there were no insurance proceeds available to the plaintiff under the liability portion of the insurance contract because of the specific exclusion for any injury to "the spouse or any parent, son or daughter of the insured or spouse, or the named insured."

The remaining question is whether the insurance contract in question, which specifically excludes liability coverage for injury to the insured or his own family, may also deny uninsured motorist coverage to these same persons through appropriate policy exclusions. Contrary to the majority view, I believe that such contract is valid and does not violate the public policy expressed by the mandatory uninsured motorist coverage provisions of section 143a of the Insurance Code of 1937. Ill.Rev.Stat. 1969, ch. 73, par. 755a.

We are dealing with a question of rights and obligations created by contract. The insurer, under the liability provisions of its contract, has excluded from its undertaking those cases where an insured is the tortfeasor, injuring either the named insured or a member of his family. This concept is common and it is not shocking to reason. The purpose of this insurance coverage is to protect an insured from exposure to liability over which he has no control. If one wrongfully injures a stranger, he

may expect that stranger to hold him liable. If, however, one wrongfully injures a member of his immediate family, he normally will not expect that family member to hold him liable for such wrongful action. The liability policy excludes such coverage because it is a liability policy and not an accident policy. Such a liability exclusion does not contravene any public policy of this State.