49 Ill.2d 555 (1971)
276 N.E.2d 289
MADISON COUNTY AUTOMOBILE INSURANCE COMPANY, Appellee,
v.
MARY GOODPASTURE, Appellant.
No. 44192.
Supreme Court of Illinois.
Opinion filed November 24, 1971.
*556 BURTON G. BERNARD and JOSEPH R. DAVIDSON, both of Edwardsville, for appellant.
ROSS ARINBRUSTER, of Alton, for appellee.
Judgment affirmed.
MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:
Plaintiff Madison County Mutual Insurance Company (Madison) sought a declaratory judgment to determine whether the uninsured motor vehicle provision of its automobile insurance policy is applicable to claims against the uninsured driver of a named insured's automobile when the named insured is injured while riding as a passenger. The trial court found the provision to be inapplicable, the appellate court reversed (130 Ill. App.2d 946, 267 N.E.2d 31) and we granted leave to appeal. 46 Ill.2d 593.
There is no dispute as to the facts. On April 11, 1965, defendant Mary Goodpasture was riding as a passenger in her automobile which was being driven by John Wright with her permission. An accident occurred and defendant suffered personal injuries. The Goodpasture car was insured by Madison, and it is conceded that under the policy provisions, the named insured is not entitled to recovery under the liability portion of the policy and the sole issue presented is whether the uninsured motor vehicle coverage applies.
*557 Madison's argument is based on the plain language of the policy. The insuring agreement providing uninsured motor vehicle coverage provides: "The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury', sustained by the insured, caused by accident arising out of the ownership, maintenance or use of such uninsured automobile * * *." An uninsured automobile is defined in the policy as: "(1) an automobile with respect to the * * * use of which there is * * * no bodily injury * * * insurance policy applicable at the time of the accident * * * or with respect to which there is a bodily injury * * * insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder; * * * but the term `uninsured automobile' shall not include: (i) an insured automobile * * *."
An insured automobile is defined as an automobile "described in the schedule as an insured automobile to which the bodily injury liability coverage of the [policy] applies * * *."
Madison contends that since the car in this case was an automobile "described in the schedule," it was an insured automobile and, accordingly, the uninsured motor vehicle coverage does not apply even though no benefits were available to defendant under the policy.
No useful purpose would be served by extensive discussion of this issue. The same argument was very recently rejected by a majority of this court in Barnes v. Powell, 49 Ill.2d 449, which was pending at the time we allowed leave to appeal in this case, and the subsequent disposition of which compels affirmance here.
In Barnes, the plaintiff was injured in a one-car accident while riding as a passenger in her automobile which was being operated by the uninsured defendant. The *558 automobile insurance policy covering plaintiff's automobile contained substantially the same provisions and definitions with regard to uninsured motor vehicle coverage as contained in Madison's policy, including the express provision that "uninsured automobile" shall not include an "insured automobile." The insurer in Barnes intervened seeking a declaratory judgment that the uninsured motor vehicle coverage of its policy was inapplicable to plaintiff's claim against the uninsured driver. The trial court found for the insurer and the appellate court affirmed. In reversing the appellate court, a majority of this court held that the policy definition of uninsured vehicle, although unambiguous, does not always control the application of uninsured motor vehicle coverage and that the legislature intended to require uninsured motor vehicle coverage as a complement to liability coverage. The majority concluded that since no liability insurance was applicable to the plaintiff at the time of the accident, "her uninsured motorist coverage necessarily became effective in light of the legislative mandate."
The decision in Barnes is controlling here and the judgment of the Fifth District Appellate Court is accordingly affirmed.
Judgment affirmed.
MR. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.