VIOLET WILHELM, Adm'r of the Estate of Herbert E. Wilhelm, Jr., Deceased, Plaintiff-Appellant, *v.* UNIVERSAL UNDERWRITERS INSURANCE COMPANY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 76-1432

Opinion filed May 11, 1978.

Piacenti, Cifelli & Sims, of Chicago Heights (George Coniglio, of counsel), for appellant.

John T. Kennedy, of Querry, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellee State Farm Mutual Automobile Insurance Company.

William Parker Ward, of Chicago, for appellee Universal Underwriters Insurance Company.

Mr. JUSTICE LINN delivered the opinion of the court:

Herbert E. Wilhelm, Jr., was a rider on a motorcycle owned and operated by Randy Henning when a collision occurred with a vehicle owned and operated by Wayne Andrews. Wilhelm was killed, and plaintiff, Wilhelm's mother, acting as administrator of his estate, brought suit against Andrews and Henning. Andrews was covered by liability insurance issued by Country Mutual Insurance Company (Country Mutual). Henning was insured by Universal Underwriters Insurance Company (Universal). Universal refused to extend liability coverage to Wilhelm under its policy, claiming that it had no liability to persons riding upon the insured motorcycle. Plaintiff then made a claim to State Farm Mutual Automobile Insurance Company (State Farm) under the uninsured motorist provisions of her own policy, asserting that decedent was covered under that policy. State Farm denied coverage, asserting that its policy was not applicable and that primary uninsured motorist coverage should be found under Henning's insurance policy issued by Universal.

Plaintiff then brought this suit for declaratory judgment against Universal and State Farm, asking that the uninsured motorist provisions of defendants' policies be held to entitle plaintiff to assert a claim pertaining to any liability Henning may have. The trial court, after a hearing, granted State Farm's motion for judgment on the pleadings. The court also held that should plaintiff recover any money from Andrews' liability insurance company, Country Mutual, no claim could be made under the uninsured motorist provisions of Henning's policy issued by

Universal. Further, the court held that if plaintiff does not recover any money from Andrews' liability insurance company, Country Mutual, the uninsured motorist provisions of the Universal policy do apply. Plaintiff appeals from these orders.

I

Under the Universal insurance policy issued to Henning, providing insurance on the motorcycle, liability coverage did not apply to bodily injury to riders or "any person while on or getting on or alighting from the insured vehicle." It is clear that Wilhelm was not covered under the liability provisions of the Universal policy.

However, the uninsured motorist coverage provisions of the Universal policy, which provided basic protection to insureds of $10,000 per person, $20,000 per accident, stated:

"The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile* * *."

An insured was defined as including any "person while occupying an insured automobile."[1] Wilhelm, being a rider on the motorcycle at the time of the collision, was therefore an "insured" under the terms of the uninsured motorist section of the Universal policy.

Universal argues that, although Wilhelm may be an "insured" under the uninsured motorist provisions, the motorcycle was not uninsured, and no claim that Henning was an uninsured motorist can be asserted under that section. The portion of the policy which defined an uninsured automobile specifically excluded an automobile insured under the policy from the definition, i.e., the motorcycle owned by Henning.[2] If we give effect to this exclusion, the plaintiff must be denied recovery.

In *Barnes v. Powell* (1971), 49 Ill. 2d 449, 275 N.E.2d 377, plaintiff attacked the validity of a similar policy exclusion limiting the scope of uninsured motor vehicle coverage. The plaintiff had been injured in a one-car accident while riding in an automobile which she owned but which was driven at the time by a person who was an uninsured motorist. Due to a policy provision, as in the present case, she was unable to recover

---

[1] The policy stated "[t]he term 'uninsured automobile' contained in this endorsement means the motorcycle described in this declaration."

[2] "[B]ut the term 'uninsured automobile' shall not include: (i) an insured automobile * * *".

under the liability portion of her policy. An express provision also prescribed that an "uninsured automobile" did not include an "insured automobile." The issue presented to the court was whether the automobile occupied by plaintiff at the time of the accident was an "uninsured automobile." The majority opinion held in the affirmative.

The court stated that, since plaintiff was not covered under the liability provisions of her policy, "the automobile was not an insured automobile and the driver was not an insured motorist, notwithstanding that as to all others the automobile and the driver may have been insured." (49 Ill. 2d 449, 454, 275 N.E.2d 377, 380.) Recognizing a conflict between this interpretation and the policy definition of an "uninsured automobile", the court expressed the opinion that the policy definition was unduly restrictive in view of the expansive uninsured motor vehicle coverage mandated by section 143a of the Insurance Code. (Ill. Rev. Stat. 1971, ch. 73, par. 755a.) Numerous authorities were cited for the proposition that the legislative purpose behind section 143a was "to assure that compensation will be available to policyholders, in the event of injury by an uninsured motorist, to at least the same extent compensation is available for injury by a motorist who is insured in compliance with the Financial Responsibility Law." 49 Ill. 2d 449, 453, 275 N.E.2d 377, 379.

It was further noted that "the intent of the legislature was that the uninsured motorist coverage would protect an insured generally against injuries caused by motorists who are uninsured, and by hit-and-run motorists, and that this would complement the liability coverage." (49 Ill. 2d 449, 454, 275 N.E.2d 377, 379.) The court observed:

"It is clear that there is an inconsistency between the liability coverage provision and the uninsured motorist provision of plaintiff's policy. On the one hand plaintiff is excluded from the liability coverage for the driver, and on the other, the driver does not qualify as an uninsured motorist even though there is no insurance available. So LaSalle would have us designate the automobile as insured, even though in fact as to the plaintiff it is uninsured. As stated by the court in *Smiley v. Estate of Toney*, 44 Ill. 2d 127, at 130-131: 'We are not persuaded that the policy definition of an "uninsured vehicle," if it is unambiguous, must always control the application of the statute. The statutory coverage is mandatory, and it may not be whittled away by an unduly restrictive definition. Indeed, the defendant concedes as much, pointing out that "research of the case law" indicates that before the uninsured motorist provisions of a policy come into operation it is necessary "that the tortfeasor does in fact constitute an uninsured motorist, either being insured for less than the Financial Responsibility Law of the state in which the accident

occurred, or by his insurance company denying coverage due to a variety of reasons." And indeed, it is generally recognized, for example, that despite a contrary policy definition, the purpose of an uninsured vehicle statute requires that a motorist be considered uninsured if he carries liability insurance in an amount below the minimum required by the financial responsibility law. *Corrigan v. Allstate Ins. Co.* (1967), 108 N.H. 131, 229 A.2d 179; *Allstate Insurance Co. v. Fusco*, 101 R.I. 350, 223 A.2d 447; *Taylor v. Preferred Risk Mut. Ins. Co.* (1964), 225 Cal. App. 2d 80, 37 Cal. Rptr. 63.' " 49 Ill. 2d 449, 453-54, 275 N.E.2d 377, 379.

Therefore, it was held that, to the extent the policy definition conflicted with the breadth of coverage envisioned by the statute, it could be of no force and effect.

■■ In the present case, Wilhelm was specifically described as an insured under the uninsured motorist provisions of the Universal policy issued to Henning. As such, we find that Wilhelm was protected under those provisions of the policy. Under the *Barnes* case, this is so notwithstanding the apparent exclusion of the motorcycle (as an insured vehicle) from the definition of an uninsured vehicle. See also *Madison County Automobile Insurance Co. v. Goodpasture* (1971), 49 Ill. 2d 555, 276 N.E.2d 289; *Doxtater v. State Farm Mutual Automobile Insurance Co.* (1972), 8 Ill. App. 3d 547, 290 N.E.2d 284.

We note that the argument has been advanced that Wilhelm paid no premiums for protection under the policy and, therefore, an expansive interpretation of the statute in this instance is not warranted. The decision in *Barnes*, however, was not based upon so narrow a premise. Consideration as to whether plaintiff paid premiums was an incidental point which bore little weight, if any, in the case.

II

Turning our attention to the State Farm policy issued to plaintiff, decedent Wilhelm's mother, the provisions of the uninsured motorist endorsement, which provided $10,000/$20,000 coverage, similar to Universal's policy, contained an "other insurance" clause which stated:

"[W]ith respect to bodily injury to an insured while occupying a motor vehicle not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance."

■■ Illinois has upheld this provision of the policy commonly known as an excess-escape clause, where policies issued to different insureds were

involved, even where the insured who was making a claim was unable to recover the entire minimum amount of $10,000 under the primary policy. (*Morelock v. Millers' Mutual Insurance Association* (1971), 49 Ill. 2d 234, 274 N.E.2d 1; *Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71, 269 N.E.2d 97. *Cf. Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247; *Bertini v. State Farm Mutual Automobile Insurance Co.* (1977), 48 Ill. App. 3d 851, 362 N.E.2d 1355; *Westchester Fire Insurance Co. v. Industrial Fire & Casualty Insurance Co.* (1978), 58 Ill. App. 3d 439, 374 N.E.2d 779.) Since the policies involved in the present case were issued to insureds who were entirely different from each other, with no common connection other than the fact that each policy covered Wilhelm as an insured at the time of the collision, we must hold that the State Farm policy limits cannot be added or "stacked" to Universal's limits to allow plaintiff a larger recovery.

To this extent, we agree with the judgment of the trial court. However, we cannot agree that recovery under the Universal policy is barred should plaintiff recover from Andrews' insurance carrier.

### III

■■ Universal's policy provided for arbitration in the event of disagreement over the amount of recovery. One of the prime purposes of an agreement to arbitrate is to enable the parties to secure a speedy determination of the differences between them without conforming to the strict formalities necessary in a court of law. (*Application of Liberty Mutual Insurance Co.* (Sup. 1967), 54 Misc. 2d 184, 281 N.Y.S. 2d 596.) This purpose would be completely defeated by the trial court's order barring the arbitration to which the plaintiff is entitled, by the policy's own provisions, until such time as the claim against Andrews is finally determined, perhaps years from now. The policy provides that in case of disagreement the matter shall be arbitrated upon demand by either party. There is nothing in Universal's policy providing that where its insured has a possible claim against an insured motorist arbitration cannot commence until the validity of that claim is determined. We should not read into the policy a limitation of liability where none exists.[3]

■■ Furthermore, there is nothing in the statute indicating that the insurance required by the statute was to be available only if no other source of recovery were available. To the contrary, the statute provides that the insurer, having paid the claim, is entitled to recover, to the extent of such payment, out of the proceeds of any settlement or judgment

---

[3]The plaintiff did not waive her right to arbitration by filing this action since questions of coverage in Illinois cannot be arbitrated. (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 242 N.E.2d 149.) Once the issue of coverage was determined, the court should have ordered the parties to proceed with arbitration. *Anderson v. Safeway Insurance Co.* (1973), 10 Ill. App. 3d 597, 295 N.E.2d 117 (abstract).

against any person legally responsible for the injury. If the insurer is not required to pay until after all other possible sources of recovery have been exhausted, this provision would be meaningless. Moreover, the statute simply provides that the coverage is to be available for the protection of persons who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. It does not say that such coverage is available only if no other persons are legally responsible. Construing the statute as a whole (34 Ill. L. & Prac. *Statutes* §123 (1958)), it seems clear that the insured is entitled to recover if an uninsured motor vehicle caused the injury. The insured is not required to prove that there are no other sources of recovery such as insured motorists who may also be liable for the accident.

Additionally, nearly every jurisdiction which has considered this issue has agreed that the insured cannot be forced to wait until the liability of an alleged joint tortfeasor has been litigated before recovering under the uninsured motorist coverage. *Motorist Mutual Ins. Co. v. Tomanski* (1971), 27 Ohio St. 2d 222, 271 N.E.2d 924, reversing 21 Ohio App. 2d 271, 257 N.E.2d 399 (1970); *Sowell v. Travelers Indemnity Insurance Co.* (1974), 31 Conn. Sup. 413, 332 A. 2d 792; *O'Brien v. Aetna Casualty & Surety Co.* (1970), 33 App. Div. 2d 1085, 307 N.Y.S. 2d 689; *Rhault v. Tsagarakos* (D. Vt. 1973), 361 F. Supp. 202; and compare *Arrieta v. Volkswagen Insurance Co.* (Fla. App. 1977), 343 So. 2d 918; see also 7 Appleman Insurance Law and Practice §4331 n. 15.35 (1972 Cum. Supp.).

■■ It thus seems clear that the legislature in enacting the statute did not intend to require an insured to seek recovery from other available sources before recovering under the policy. Thus, the trial court's ruling that the plaintiff cannot recover under the policy if she recovers anything from Andrews is contrary to the clear intent and purpose of the statute.

It has long been established in Illinois that the purpose of the provision in our Insurance Code requiring every automobile liability policy to contain uninsured motorist coverage in an amount not less than the limits described in the financial responsibility law ($10,000/$20,000) is to place the policyholder in substantially the same position he would occupy in the event of an accident if the wrongful driver had the minimum liability insurance required by the financial responsibility act. (*Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 269 N.E.2d 295.) In the present case, if Henning had available to the accident the minimum amount required by the financial responsibility act, there would be at least $20,000 available to cover the accident—$10,000 from Henning's insurer and at least $10,000 from Andrews' insurer, assuming both drivers were negligent. The order of the trial court which denies the plaintiff any recovery under the policy if she recovers any amount, whether it be $5 or $10,000 from Andrews, is clearly contrary to the rule laid down in *Ullman*

and other Illinois cases which hold that the insured must be put in the same position he would have been in had the uninsured driver carried insurance.

■■ While Universal's policy contains a provision purporting to allow it to set off from its liability any amounts received from any person jointly liable for the accident, Universal has not contended that that provision should be applied. But even assuming that Universal has not waived the defense, the clause, to the extent it would reduce the available coverage required by statute, is invalid. As our supreme court in *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 337-38, 312 N.E.2d 247, 251, stated in holding inapplicable a similar provision requiring a set-off of payments made under the medical payments provision of the same policy:

> "As to the question of whether the payments made under the medical-payment provisions of a policy are to be set off against the payments to be made under the uninsured-motorist provisions, the appellate court held that its decision in *Melson v. Illinois National Insurance Co.* (1971), 1 Ill. App. 3d 1025, was to be followed. In that case, at page 1028, the appellate court stated that 'where the total proven or undisputed damages incurred by the insured are greater than the combined total of uninsured motorist and medical coverage, the crediting provision cannot apply.' Setoffs are to apply only where necessary to prevent double exposure for medical payments. We agree with that conclusion.

> If the crediting provisions were to apply in all situations, including those where the total damages suffered by the insured exceed the combined total uninsured-motorist and medical-payment coverages, the net result would be that the uninsured-motorist coverage under the policy would not assure compensation comparable to that available if the insured had been injured by one insured in compliance with the Financial Responsibility Law. Such an interpretation would run afoul of the minimum coverage required under our decisions in *Morelock v. Millers' Mutual Insurance Association* (1971), 49 Ill. 2d 234, and *Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71."

For the foregoing reasons, the order of the trial court granting State Farm's motion for judgment on the pleadings is affirmed; that portion of the order which imposed conditions upon Universal's liability under its uninsured motorist policy is reversed, and the cause is remanded for the entry of an order that Universal proceed with arbitration.

Affirmed in part; reversed in part; remanded with directions.

JOHNSON, P. J., and ROMITI, J., concur.