JOHN HARHEN, Adm'r of the Estate of Milton Harhen, Deceased, Plaintiff-Appellant, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

First District (5th Division)   No. 77-804

Opinion filed June 9, 1978.

Serpico, Novelle, Dvorak, & Navigato, Ltd., of Chicago, for appellant.

Victor J. Piekarski and John F. Skeffington, both of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff brought suit for declaratory judgment and to compel arbitration, asking that the coverage under the uninsured motorist provisions in each of the four policies issued by defendant to the deceased, be held to apply to an automobile accident, thus entitling decedent's estate to a maximum recovery of $40,000. Defendant answered that due to an exclusionary clause contained in each policy, uninsured motorist coverage was limited to the amount recoverable under the one policy specifically covering the car decedent was occupying, and therefore plaintiff could assert a claim of a maximum of $10,000. Both parties filed motions for summary judgment and briefs in support thereof. After arguments, the trial judge granted summary judgment in favor of defendant. On appeal, plaintiff contends that the trial judge erred in allowing recovery under only one policy instead of all four, since the exclusionary language, as applied to this case, violates the public policy expressed by sections 143a and 442 of our Insurance Code (Ill. Rev. Stat. 1975, ch. 73, pars. 755a, 1054).

We reverse the judgment of the trial court.

Milton Harhen was killed on December 21, 1974, when the 1969 Ford station wagon he was operating was struck head on by another vehicle driven by an uninsured motorist. In effect at the time were four automobile liability policies previously purchased by decedent from defendant, covering each of his four automobiles. In consideration of a

premium of \$2.20 for three of the policies (semiannual) and \$3.30 for the fourth (annual), each policy provided for uninsured motorist coverage of \$10,000 per person and \$20,000 per accident. In addition each policy contained the following exclusion and definitions:

"This insurance does not apply:

\* \* \*

\* \* \* (b) to *bodily injury* to an *insured* while occupying or through being struck by a land motor vehicle owned by the named insured or any *resident* of the same household, if such vehicle is not an *owned motor vehicle;*

\* \* \* \*"

"Insured" was defined in the policy as "the first *person* named in the declarations\* \* \*."

"Owned motor vehicle" was defined as "the motor vehicle \* \* \* described in the declarations \* \* \*."

Finding that the deceased fit the definition of "insured" and that only the 1969 Ford station wagon involved in the accident fit the policy definition of an "owned motor vehicle," the court held that due to the exclusionary provision contained in all of the policies, only the uninsured motorist coverage for the 1969 Ford applied to the accident.

Opinion

The sole issue on this appeal is whether exclusion (b) is effective to bar recovery by plaintiff under the three remaining policies issued to decedent. We agree with defendant that the instant situation is one to which exclusion (b) was intended to apply, that is, where the insured is riding in a vehicle which he owns, on which he already has uninsured motorist coverage. Thus, literally read, exclusion (b) would bar aggregation of coverage, requiring affirmance of the trial judge's ruling that only the policy covering the 1969 Ford station wagon was available. However, we find the reasoning in myriad cases examining similar exclusionary provisions in light of the policy expressed by our Insurance Code, as well as those involving "other insurance" clauses, persuasive grounds for our holding that exclusion (b), as applied to the instant case, is ineffective to bar further coverage.

Sections 143a and 442 of our Insurance Code (Ill. Rev. Stat. 1975, ch. 73, pars. 755a, 1054) provide in pertinent part:

"(1) \* \* \* [N]o policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered \* \* \* unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death [of \$10,000 per individual and \$20,000 per accident]

\* \* \* for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom \* \* \*.

\* \* \*

Any contract or policy of insurance \* \* \* issued in violation of any section of this Code requiring certain provisions to be inserted therein \* \* \* shall nevertheless be held valid but shall be construed in accordance with the requirements of the section that the said policy \* \* \* violates, and when any provision in such contract \* \* \* is in conflict with any provision of this Code, the rights, and obligations of the company thereunder shall not be less favorable to the holder of the contract and the beneficiary or annuitant thereunder than is required by the provisions of the Code applicable thereto."

■■ In *Barnes v. Powell* (1971), 49 Ill. 2d 449, 275 N.E.2d 377, our supreme court construed an exclusionary provision which sought to limit the scope of uninsured motorist coverage as unduly restrictive in light of the policy expressed by the above provisions of our Insurance Code. In *Barnes,* plaintiff was injured in a one car accident while riding in a car she owned, but which was being driven by an uninsured motorist. Plaintiff sought to recover under the uninsured motorist provision of her husband's policy since she was precluded from recovering under the liability portion. The insurance company argued that plaintiff could not recover under the uninsured motorist provision because the policy stated that coverage was not extended to insured automobiles and plaintiff was riding in an insured automobile. The court held that as to plaintiff, the car was an uninsured automobile and that the statute contemplated that policyholders would be compensated to at least the extent they would be had the wrongful driver complied with the Financial Responsibility Law (10,000 per person/20,000 per accident). To the extent that the policy definitions and exclusions conflicted with the scope of coverage envisioned by the Insurance Code, they could be of no force and effect.

In *Doxtater v. State Farm Mutual Automobile Insurance Co.* (1972), 8 Ill. App. 3d 547, 290 N.E.2d 284, this court determined that our supreme court's holding in *Barnes* dictated that the exclusionary provisions and definitions present in that case violated the public policy expressed by the Insurance Code. In *Doxtater,* plaintiff was injured when the motorcycle he was riding collided with an automobile driven by an uninsured motorist. He sought recovery under his father's policy which contained an exclusionary provision and definitions identical to those in the case at bar. Plaintiff fit the policy definition of "insured" but the motorcycle was not an "owned motor vehicle." The court agreed with plaintiff, that

regardless of the location of the insured at the time of injury, coverage should be afforded.

■■ Recently, in *Jenkins v. State Security Insurance Co.* (1978), 56 Ill. App. 3d 737, 371 N.E.2d 1203, our court followed *Barnes* and *Doxtater*, holding that the exclusionary provision conflicted with our Insurance Code because it precluded insureds from recovering when they were occupying a vehicle which did not qualify as an "insured vehicle." "Insured vehicle" had the equivalent definition of "owned motor vehicle" in the present case, that is, the vehicle described in the policy declarations. See also *Wilhelm v. Universal Underwriters Insurance Co.* (1978), 60 Ill. App. 3d 894, 377 N.E.2d 62.

Although *Barnes, Doxtater* and *Jenkins* involved situations where there would have been no other insurance available had the court decided to give effect to the exclusionary provision, we believe the courts' reasoning may be extended to a situation such as here, where there is other uninsured motorist insurance available. The court summarily reached this conclusion in *Kaufmann v. Economy Fire & Casualty Co.* (1977), 52 Ill. App. 3d 940, 368 N.E.2d 371. In *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 370 N.E.2d 1044, our supreme court nullified an exclusionary provision similar to the one present in the case at bar and allowed plaintiff, a pedestrian, to recover under each of her parents' two declarations of coverage for their two automobiles. The court did not explicitly address the fact that plaintiff would, regardless of the court's holding, receive coverage under at least one declaration. We must assume that the inapplicability of an exclusionary provision is not contingent upon other insurance being available. We find further support from the recent case of *Wilhelm v. Universal Underwriters Insurance Co.* (1978), 60 Ill. App. 3d 894, 377 N.E.2d 62, where there was a potentiality for recovery from an insured motorist. The court said: "Construing the statute as a whole, (34 Illinois Law and Practice, Statutes Sec. 123), it seems clear that the insured is entitled to recover if an uninsured motor vehicle caused the injury. The insured is not required to prove that there are no other sources of recovery such as insured motorists who may also be liable for the accident."

■■■ Furthermore, a recent trend has emerged from our court in its holdings that "other insurance" clauses purporting to limit an insurance company's uninsured motorist coverage, are ineffective to preclude aggregation or "stacking" of coverage when an insured and residents of his household purchase several policies from a single insurance company. The court has found in numerous instances that the insured or family of insureds, in paying multiple premiums, reasonably expected to receive multiple coverage. (*Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247; *United Security*

*Insurance Co. v. Mason* (1978), 59 Ill. App. 3d 982, 376 N.E.2d 653; *Westchester Fire Insurance Co. v. Industrial Fire & Casualty Insurance Co.* (1978), 58 Ill. App. 3d 439, 374 N.E.2d 779 (policies purchased from two insurance companies); *Bertini v. State Farm Mutual Automobile Insurance Co.* (1977), 48 Ill. App. 3d 851, 362 N.E.2d 1355; *Deterding v. State Farm Mutual Automobile Insurance Co.* (1966), 78 Ill. App. 2d 29, 222 N.E.2d 523.) Utilizing the analogy from the "other insurance" cases, we hold that the insured in the case at bar paid premiums for uninsured motorist protection in each of his four policies, with the expectation of receiving greater coverage in the event of an accident caused by an uninsured motorist.[1] We further note that the wording of the exclusionary provision and the necessity of cross-checking to the policy definitions for an explanation of the terms might prove difficult to a person unskilled in these matters. See *Deterding v. State Farm Mutual Automobile Insurance Co.* (1966), 78 Ill. App. 2d 29, 222 N.E.2d 523.

■■ For the foregoing reasons, we hold that the exclusionary provision present in each of the three remaining policies issued to Milton Harhen are of no force and effect because they violate the public policy expressed by our Insurance Code. Accordingly, the judgment of the trial court is reversed and the case remanded to the trial court with instructions to enter an order finding the maximum liability of defendant is $40,000 and ordering the parties to proceed to arbitration unless it should be waived.

Reversed and remanded with directions.

LORENZ and MEJDA, JJ., concur.

---

[1] As plaintiff points out, defendant could have specifically limited the company's liability for uninsured motorist protection as it did in the section limiting the liability for death benefits under the medical pay coverage.