316 F.2d 716
 STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, Appellee,
v.
Frank T. DREWRY, Robert C. Drewry, Administrator of the Estate of Viola Layne Drewry, deceased, and Sarah D. Perkins, Appellants.
 No. 8349.
 United States Court of Appeals Fourth Circuit.
 April 22, 1963.
 
 J. Frank Shepherd, Lynchburg, Va. (Paul Whitehead, Lynchburg, Va., on the brief) for appellants.
 Henry M. Sackett, Jr., Lynchburg, Va., and J. B. Browder, Richmond, Va. (James W. Morris, III, Richmond, Va., Williams, Robertson & Sackett, Lynchburg, Va., and Browder, Russell & Morris, Richmond, Va., on the brief), for appellee.
 Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, State Farm Mutual Automobile Insurance Company, issued an automobile liability insurance policy to Frank T. Drewry. The issue in this case is the extent of coverage under the uninsured motorist provision of that policy. An action of interpleader and for declaratory judgment was brought by the insurer in the District Court to settle this issue. The plaintiff deposited in the registry of the court $30,400, its admitted liability including interest and costs.
 
 
 2
 The automobile owned and operated by Frank T. Drewry and also occupied by Viola Layne Drewry and Sarah D. Perkins was struck on a public highway in Albemarle County, Virginia, by two vehicles driven by two brothers who were engaged in a drag race. The brothers were uninsured. The collisions were virtually simultaneous. In Virginia state court proceedings the brothers were adjudged liable and judgments were rendered against them aggregating $58,000.00.
 
 
 3
 The insurance company contended in the District Court that defendants' injuries were caused by only one accident and, under the terms of the policy, it was liable for only $30,000.00, which is the limit that two or more persons may recover for any single accident with uninsured motorists. Defendants argued that since the collisions were with two uninsured vehicles, the maximum liability was $60,000.00. The District Court upheld the insurance company's contention. 191 F.Supp. 852 (W.D.Va.1960).
 
 
 4
 Since the question turned upon an interpretation of the Virginia Uninsured Motorist Statute, see, e. g., 1950 Code of Va. § 38.1-381, we deferred decision until the state courts of Virginia had an opportunity to construe the statute. The Supreme Court of Appeals of Virginia rendered its decision on March 4, 1963, Drewry v. State Farm Mutual Automobile Ins. Co., 204 Va. 231, 129 S.E.2d 681, and its construction of the relevant statutory provisions is in complete accord with the conclusion of the state trial court (and the federal district court) that "the sum of $30,400 paid by the defendant [State Farm] * * * into the registry of the United States District Court * * * is the extent of the defendant's liability to the plaintiff (sic) [Frank T. Drewry, et al.] in this case." This decision of the highest court of Virginia is authoritative and the judgment of the District Court, which correctly anticipated it, is hereby affirmed.
 
 
 5
 Judge SOPER, who sat as a member of the panel in this case, died a few days after the decision of the Supreme Court of Appeals of Virginia but before the preparation of this opinion.
 
 
 6
 Affirmed.