[Civ. No. 31743.  Second Dist., Div. Three.  Sept. 27, 1968.]

DOROTHY MARIE JOHNSON, Plaintiff, Cross-defendant and Respondent, v. BRUCE ALLEN OLIVER, et al., Defendants, Cross-complainants and Appellants.

Daniel J. Culliton for Defendants, Cross-complainants and Appellants.

Brydolf, Gray, Whyte & Harrison and Charles A. Harrison for Plaintiff, Cross-defendant and Respondent.

FORD, P. J.—This is an appeal by the cross-complainants from a judgment of dismissal of their cross-complaint for declaratory relief entered after the demurrer of the cross-defendant Dorothy Marie Johnson had been sustained with leave to amend and no amended pleading had been filed.

Allegations of the cross-complaint relating to the question here presented are: 1. On January 9, 1964, cross-defendant Dorothy Marie Johnson was struck by an automobile owned and operated by cross-complainant Bruce Allen Oliver who was then an uninsured motorist as defined by [section 11580.2 of] the Insurance Code. 2. After Dorothy Marie Johnson had filed her action against Bruce Allen Oliver and had made a demand for arbitration under the policy of insurance issued to her by Allstate Insurance Company, in consideration of the payment to her of the sum of $1,350 by the insurance company she executed a document dated August 27, 1965, a copy of which was attached to the cross-complaint and incorporated therein by reference.[1] 3. On September 20, 1965, Allstate Insurance Company made a demand upon Bruce Allen Oliver for payment of the sum of $1,350 and thereafter Oliver and his parents reached an agreement with Allstate Insurance Company to settle all claims arising out of the incident of January 9, 1964, for the sum of $1,000. 4. A dispute exists in that the cross-complainants Oliver claim that the settlement is valid and should be consummated but the cross-defendant

[1]The document is entitled "Subrogation Agreement." Paragraph 2 thereof is as follows:

"The undersigned hereby assigns, transfers and sets over to the Allstate Insurance Company any and all claims or causes of action for bodily injury which the undersigned now has, or may hereafter have, to recover against any person or persons as the result of said accident and loss above stated to the extent of the payment above made; the undersigned agrees that the Allstate Insurance Company may enforce the same in such manner as shall be necessary or appropriate for the use and benefit of the Allstate Insurance Company, either in its own name or in the name of the undersigned; that the undersigned will furnish such papers, information or evidence as shall be within the undersigned's possession or control for the purpose of enforcing such claim, demand or cause of action; that the undersigned will do whatever else is necessary to secure such rights of recovery on behalf of Allstate Insurance Company and do nothing after loss to prejudice them."

Johnson has ''obstructed and frustrated this settlement'' and is asserting rights ''not granted by the Uninsured Motorists Statute, Insurance Code Section 1158.2 [11580.2].'' The cross-complainants' Oliver further claim that the settlement between Dorothy Marie Johnson and Allstate Insurance Company is a full and final settlement and determination of her damages and that Allstate Insurance Company is empowered to settle ''this claim'' with the cross-complainants Oliver. These claims are denied by the cross-defendant Johnson who has ''forced Allstate Insurance Company to renege on its agreement with defendants and cross-complainants'' and now is attempting to assert her claim against the cross-complainants although she has ''settled all claims against the uninsured motorist pursuant to Insurance Code Section 1158.2 [11580.2].''

In the prayer of the cross-complaint the relief sought is a declaration ''whether, under the terms of Insurance Code 1158.2 [11580.2] and the settlement agreements set forth herein, cross-defendants are obliged and required to give cross-complainants a release of all claims and dismissal of the complaint herein upon payment of the agreed consideration of $1,000.00 and . . . such other relief as may seem proper.''

The parties agree that the limit of the coverage afforded Dorothy Marie Johnson under the uninsured motorist provision of the policy issued to her by Allstate Insurance Company was $10,000. As has been noted, the allegations of the cross-complaint are that she settled with her insurer for the sum of $1,350. The record discloses that in her complaint for bodily injury filed on February 4, 1964, she alleged that she had suffered general damages in the sum of $50,000 and that in her amended complaint, which she was permitted to file by an order of the court made on December 31, 1964, she alleged that her general damages were in the sum of $25,000.

For reasons which will be stated, we hold that the cross-complainants' contention that ''as a matter of law, the settlement and assignment transferred the entire cause of action'' to Allstate Insurance Company is untenable and that, consequently, the cross-defendant Dorothy Marie Johnson is not required to join in a full release of her cause of action in conjunction with any settlement between Allstate Insurance Company and the cross-complainants Oliver.

The validity of the subrogation agreement depends upon the legislative sanction therefor found in subdivision (f) of section 11580.2 of the Insurance Code. (See *Fifield Manor* v.

*Finston,* 54 Cal.2d 632, 639-640 [7 Cal.Rptr. 377, 354 P.2d 1073, 78 A.L.R.2d 813]; *Mills* v. *Farmers Ins. Exchange,* 231 Cal.App.2d 124, 127-128 [41 Cal.Rptr. 650]; *Peller* v. *Liberty Mut. Fire Ins. Co.,* 220 Cal.App.2d 610, 612 [34 Cal.Rptr. 41]; Comment (1960) 48 Cal.L.Rev. 516, 526.)[2] In the law review comment just cited it is stated: "The subrogation of the insured's personal injury claim represents a departure from the common law rule that personal tort claims were neither assignable nor subject to subrogation." The pertinent statutory language as set forth in subdivision (f) of section 11580.2 is as follows: "The insurer paying a claim under an uninsured motorist endorsement or coverage shall be entitled to be subrogated to the rights of the insured to whom such claim was paid against any person  causing such injury or death *to the extent that payment was made.*" (Italics added.)

In resolving the question presented in this case we must assume that the defendant Bruce Allen Oliver was guilty of negligence proximately causing bodily injury to Dorothy Marie Johnson. The function of uninsured motorist coverage is to afford protection to those insured persons who have been injured through no fault of their own. The provisions of section 11580.2 of the Insurance Code are not for the benefit of the uninsured tortfeasor; that legislation neither increases nor diminishes his liability. Dorothy Marie Johnson's settlement of her claim under her uninsured motorist coverage with Allstate Insurance Company did not constitute a determination of the extent of her damages for bodily injury which was binding as between her and the tortfeasors. The effect of the statutory language as to subrogation is not to afford the uninsured tortfeasor an advantage but is to place in the hands of the injured person's insurer the right to enforce the tort-

[2]In the *Fifield Manor* case the Supreme Court stated (54 Cal.2d, at pages 639-640): "Plaintiff has not cited to us any case in the California courts where a right of subrogation to a cause of action for tortious injury to the person has been recognized, except in cases where such right of subrogation has been expressly granted by statute. The Legislature where it has desired to give a right of subrogation in such cases, has done so in express language: [giving instances of such legislation] . . . . While subrogation and assignment have certain technical differences, each operates to transfer from one person to another a cause of action against a third, and the reasons of policy which make certain causes of action nonassignable would seem to operate as forcefully against the transfer of such causes of action by subrogation. . . . Whether the transfer be technically called assignment or subrogation or equitable assignment or assignment by operation of law its ultimate effect is the same, to pass title to a cause of action from one person to another."

feasor's liability "to the extent that payment was made" by the insurer. (See *Mills* v. *Farmers Ins. Exchange, supra,* 231 Cal.App.2d 124, 128.) Thus, the subrogation rights of the insurer are limited in extent to the amount paid by it to its insured and do not encompass the whole cause of action. It would not be consonant with the purpose of section 11580.2 of the Insurance Code to hold that by resort to the policy provision here involved the insured injured person surrendered her entire cause of action against the tortfeasor irrespective of whether the payment received by her under the policy was commensurate with the extent of the damages suffered by her. Consequently, the cross-complainants' position as stated in their pleading of the controversy is not tenable.

The insurer is not a party to this appeal and we do not undertake to determine the respective rights and duties of the insurer and the insured as between themselves in the event of the further pursuit of the cause of action against the uninsured tortfeasor.

The objective of the cross-complainant's action for declaratory relief has now been attained since we have hereinabove resolved the question presented by the controversy alleged to exist between the cross-complainants Oliver and the cross-defendant Johnson. Accordingly, if it be assumed that the cross-complainants did state a cause of action for declaratory relief, they are not in a position to assert that they have suffered prejudice. A reversal of the judgment would serve no purpose. (See *Mills* v. *Farmers Ins. Exchange, supra,* 231 Cal. App.2d 124, 126; *Haley* v. *Los Angeles County Flood Control Dist.,* 172 Cal.App.2d 285, 293-294 [342 P.2d 476].)

The judgment is affirmed.

Cobey, J., and Moss, J., concurred.