[Civ. No. 1200. Fifth Dist. July 22, 1970.]

ALLSTATE INSURANCE COMPANY, Plaintiff and Respondent, v. FRANCIS R. SMITH et al., Defendants and Appellants.

## Counsel

Cardozo, Trimbur & Nickerson, A. A. Cardozo, Jr., and Paul L. Martelli for Defendants and Appellants.

Halley, Head & LaForce and Robert L. Head for Plaintiff and Respondent.

## Opinion

**STONE, P. J.**—In a declaratory relief action, plaintiff insurance company sought a determination of whether defendants, parents of a minor, were

entitled to arbitrate the right to recover for his death, in an automobile accident, under their uninsured motorist policy. The son had been hit by an uninsured motorist in the State of Louisiana, where he was stationed as a member of the United States Army. Defendant-parents appeal from an adverse judgment.

Ronald V. Smith, the deceased minor, lived with his parents until his enlistment in the army in November 1964. While he was in service, he kept his possessions at the home of his parents, a bedroom was available to him, and he spent all of his furloughs and a sick leave at the family home. He was not married, nor was he engaged to be married, and he had never established a separate household away from the base. He lived at military posts in various parts of the United States and in Viet Nam, as required by the army. On May 28, 1967, while temporarily stationed at Fort Polk, Louisiana, he was struck by the automobile of an uninsured motorist and sustained injuries which caused his death. At that time his parents owned an automobile which was insured with plaintiff, a policy which, as required by section 11580.2 of the Insurance Code, provided uninsured motorist coverage to "The named insured and his relatives while residents of his household."

The question presented is whether Ronald V. Smith was a member of the household of his parents at the time of his death, and covered by the policy. The trial court held that he was not, and issued a permanent injunction restraining defendants from pursuing arbitration. This appeal followed.

The record reflects that the home of his parents was the only home Ronald ever had. He was an unemancipated minor within the provisions of section 25 of the Civil Code. As to place of residence of an unmarried minor, Government Code section 244 provides that: "In determining the place of residence the following rules are to be observed:

"(a) It is the place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he returns in seasons of repose.

"(b) There can only be one residence.

"(c) A residence cannot be lost until another is gained.

"(d) The residence of the father during his life, and after his death the residence of the mother, while she remains unmarried, is the residence of the unmarried minor child, provided that when the parents are separated, the residence of the parent with whom an unmarried minor child maintains his place of abode is the residence of such unmarried minor child.

". . . . . . . . . . . . . . .

"(f) The residence of an unmarried minor who has a parent living cannot be changed by his own act. . . ."

Thus, absent some compelling decisional law to the contrary, it seems clear that the minor was a member of the parents' household at the time of his death.

Plaintiff relies primarily upon *Island* v. *Fireman's Fund Indem. Co.,* 30 Cal.2d 541 [184 P.2d 153, 173 A.L.R. 896], and *Shapiro* v. *Republic Indem. Co.,* 52 Cal.2d 437 [341 P.2d 289]. The basic case, *Island* v. *Fireman's Fund Indem. Co., supra,* was concerned with the interpretation of a clause excluding from coverage an automobile furnished to the named insured by a member of his household. At the time of the accident the named insured was driving an automobile owned by his married son, who was then serving in the army. Prior to his enlistment, about four months before the accident, the son and his wife had lived at the home of the father. The son left the car with his father, asking him to drive it once in awhile to keep the battery charged. The father's liability carrier contended that the automobile involved in the accident was furnished for the regular use of the named insured by a member of his household and that the vehicle was excluded from coverage under the terms of the father's policy. In holding that the minor was not a member of his father's household, the court discussed the meaning of the word "household," but carefully refrained from formulating an inflexible rule. The court enunciated the following guideline which bears upon the case at bench: "A cardinal rule of interpretation is that, where a provision of an insurance policy is susceptible of two constructions, it should be construed most strongly in favor of the policyholder." (P. 548.)

*Shapiro* v. *Republic Indem. Co., supra,* 52 Cal.2d 437, came after *Island,* and concerned a general automobile policy with an exclusion endorsement by which the insured warranted that "there is no operator of the automobile under twenty-five (25) years of age resident in the Named Insured's household or employed as a chauffeur of the automobile." The insured's minor son, a serviceman, was driving the insured automobile when it struck and injured the plaintiffs, who recovered judgment against the son and his parents and then sued the insurance company to recover on the policy. Following the rationale of *Island,* the Supreme Court said, at page 438: "The Campbells' son, a minor, was driving the insured automobile at the time of the accident, with his parents' consent. Since he was a member of the armed forces at the time, however, he was not a resident of the insured's household within the meaning of the endorsement."

At first blush it would appear that these cases negative the statutory presumptions of Civil Code section 25 and Government Code section 244

as to the residence and, of necessity, the household of a minor. ■ However, later cases have emphasized the admonition of *Island* that where a provision of an insurance policy is susceptible of two constructions it should be construed most strongly in favor of the policyholder. ■ For example, in *Cal-Farm Ins. Co.* v. *Boisseranc,* 151 Cal.App.2d 775 [312 P.2d 401], it was held that a minor living with his mother, under the custody order of a decree of divorce, was a member of his father's household within the terms of the policy which covered only residents of the household of the father. A number of insurance cases involving an interpretation of the words "household" and "residence" of a minor were analyzed in the *Cal-Farm* case and the court concluded that whether the words are interpreted broadly or are given a narrow construction depends upon which interpretation, if reasonable, provides coverage.

In *Hardware Mut. Cas. Co.* v. *Home Indem. Co.,* 241 Cal.App.2d 303 [50 Cal.Rptr. 508], the court followed the reasoning in *Cal-Farm,* observing that the cases " '. . . demonstrate that most courts will interpret the terms so as to extend the coverage if this can be done under any reasonable interpretation of the facts.' " (P. 308.) A similar approach to the criteria for determining the residence or household of a minor has been taken by courts in other jurisdictions. (See *Appleton* v. *Merchants Mut. Ins. Co.,* 16 App.Div.2d 361 [228 N.Y.S.2d 442]; *Allstate Ins. Co.* v. *Jahrling,* 12 N.Y.2d 943 [238 N.Y.S.2d 517, 188 N.E.2d 791]; *American Universal Ins. Co.* v. *Thompson,* 62 Wn.2d 595 [384 P.2d 367]; *Allen* v. *Maryland Cas. Co.,* 259 F.Supp. 505.)

It is clear that an interpretation of insurance policy provisions of this character cannot be made as a didactic exercise in semantics; consideration must be given to public policy as expressed in pertinent statutes and in decisional articulation. In *Barrera* v. *State Farm Mut. Auto. Ins. Co.,* 71 Cal.2d 659 [79 Cal.Rptr. 106, 456 P.2d 674], the public policy underlying the California Automobile Financial Responsibility Law is said to be "to provide compensation for those injured through no fault of their own." (P. 671.) ■ It has been said that the purpose for the uninsured motorist statute (Ins. Code, § 11580.2) is to give monetary protection to persons who while lawfully using the highways themselves suffer grave injury through the negligent use of those highways by others. The statutes must be liberally construed to carry out this objective of providing compensation for those injured through no fault of their own. (See *Valdez* v. *Federal Mut. Ins. Co.,* 272 Cal.App.2d 223, 226 [77 Cal.Rptr. 411].)

■ In the light of Civil Code section 25, Government Code section 244, and criteria delineated by the courts of California, we conclude that

the minor in this case was a member of his parents' household at the time of his injury and death.

Since the facts of this case are stipulated to and the appeal is from a declaratory judgment, a new trial is unnecessary. A judgment may be entered in favor of defendants upon the agreed facts, in accordance with our interpretation of the subject clause in the policy.

The judgment is reversed and the cause is remanded with directions to the trial court to enter a judgment in favor of defendants, and to order plaintiff to arbitrate defendants' claim on account of the accidental death of their minor son, Ronald V. Smith.

Gargano, J., concurred.