[Civ. No. 53178. Second Dist., Div. Four. Mar. 21, 1979.]

NORTHWESTERN NATIONAL CASUALTY COMPANY,
Plaintiff and Respondent, v.
ROBERT DAVIS et al., Defendants and Appellants.

**COUNSEL**

Patterson & Phillips, Patterson & Novell and Andrew Patterson for Defendants and Appellants.

Clausen, Harris & Campbell and Kenneth H. Clausen for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—Defendants appeal from a judgment adverse to them in an action by an insurance company for declaratory relief. We affirm the judgment.

In May of 1974 the insurer issued its policy of liability insurance to Mr. and Mrs. Siemer. In November of that year, their son John, while driving a Chevrolet automobile owned by him and not a described vehicle under the policy, was involved in an accident resulting in the death of three

girls, dependents of defendants Davis. John was under the age of 18 and his driver's license had been issued on an application executed by his father. It is conceded that, because of that fact, the Siemers are liable to the Davises for the death of the girls. ■ The Davises contend that, under its policy to the Siemers, the insurer is obligated to pay any judgment recovered by them in their action against the Siemers.

By the policy, the insurer was liable for any accident resulting from the use of a "nonowned" automobile. The term "nonowned" was defined in the policy as "an automobile not owned or furnished for the regular use of either the named insured or any relative." "Relative" was defined as "a relative of the named insured who is a resident of the same household." Since the Chevrolet was not owned or used by the named insureds, and John is admittedly a blood relative of the named insureds, the issue herein involved is whether John was, at the time of the accident, a "resident" of the Siemer household.

At the time the policy was issued, John was enlisted in the Marine Corps; he came to the Siemer home, on leave, at various times between the issuance of the policy and was on leave and living in the Siemer home at the time of the accident. Although he kept his personal belongings at the Siemer home and regularly returned there when on leave, the Davises contend that he was, on those occasions, only a "visitor" and not a "resident" because he used his military location as his mailing address and testified that he did not regard the Siemer home as his "permanent" residence.

The facts herein involved are substantially the same as those in *Allstate Insurance Company* v. *Smith* (1970) 9 Cal.App.3d 898 [88 Cal.Rptr. 593], where the court held that a minor, similarly in the military service and coming to his parents' home on leave was, by virtue of section 244 of the Government Code, a "resident" of his parents' home. The Davises attempt to avoid the holding of that case on the theory that: (1) the term "resident" is ambiguous; (2) that ambiguous terms are so construed in favor of an insured; and (3) the *Allstate* case involved an interpretation that favored the insured whereas, in this case, that interpretation would be adverse to the insureds. We reject that argument. The word "resident" is not ambiguous within the meaning of the cases cited by the Davises. It is defined, as the court in *Allstate* held, by an explicit statutory provision. Section 244 of the Government Code provides:

"In determining the place of residence the following rules shall be observed:

"(a) It is the place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he or she returns in seasons of repose.

"(b) There can only be one residence.

"(c) A residence cannot be lost until another is gained.

"(d) The residence of the parent with whom an unmarried minor child maintains his or her place of abode is the residence of such unmarried minor child.

"(e) The residence of an unmarried minor who has a parent living cannot be changed by his or her own act.

"(f) The residence can be changed only by the union of act and intent.

"(g) A married person shall have the right to retain his or her legal residence in the State of California notwithstanding the legal residence or domicile of his or her spouse."

While, under some circumstances, an adult member of the military services may select as his residence a place other than that where he lived prior to entering the service, John was a minor, unable, by the terms of the statute, from acquiring a new residence by any act or intent of his own. When John entered the military service, he was a resident of the Siemer home; that residence continued, no matter where his military duties took him. Until he became an adult, his residence was with his parents, unless and until they acquiesced in a change of residence—an event not here existing.

The judgment is affirmed.

Jefferson (Bernard), J., and Alarcon, J., concurred.