**Leland TRESNER, Appellant,**

v.

**STATE FARM MUTUAL INSURANCE COMPANY, Respondent.**

**No. WD 53441.**

Missouri Court of Appeals,
Western District.

Oct. 21, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 25, 1997.

Application for Transfer Denied
Jan. 27, 1998.

Joseph A. Hamilton, Pleasant Hill, for Appellant.

Norman I. Reichel, Jr., Kansas City, for Respondent.

Before ELLIS, P.J., and LOWENSTEIN and HOWARD, JJ.

HOWARD, Judge.

Leland Tresner appeals from a judgment awarding him $150,000.00 in damages based upon the uninsured motorist coverage in automobile insurance policies issued by State Farm Insurance Company ("State Farm"). Mr. Tresner contends that he should have been awarded twice that amount because there were two uninsured motorists who caused the collision.

The judgment of the trial court is affirmed.

The facts of this case are recounted in *Tresner v. State Farm Ins. Co.*, 913 S.W.2d 7 (Mo. banc 1995), which concerned State Farm's notice provisions defining the insured's duty to report an accident. On September 14, 1991, Mr. Tresner was driving in the inside eastbound lane of Interstate 70, a four-lane divided highway. He was passing a vehicle which was traveling in the outside eastbound lane, and which was driven by an unidentified motorist whom Mr. Tresner designated as Driver B. A second unidentified motorist, whom Mr. Tresner designated as Driver A, came up behind Driver B in the outside lane and then suddenly moved over to the inside lane, forcing Mr. Tresner onto the shoulder of the roadway. Mr. Tresner lost control of his car, which crossed the median and collided with a vehicle traveling in the outside westbound lane. Mr. Tresner suffered serious injuries and his wife, who was a passenger, died in the accident, as did both occupants of the other vehicle. Both Driver A and Driver B left the scene of the accident.

Mr. Tresner filed a petition for damages, claiming that the accident was caused by the negligence of both Driver A, who was driving too fast, and Driver B, who was driving too slow. The petition sought damages from State Farm on the basis of Mr. Tresner's uninsured motorist coverage. At the time of the accident, Mr. Tresner had three vehicles insured under three separate but identical policies issued by State Farm. Each of the policies had uninsured motorist limits of $25,000.00 per person and $50,000.00 per accident.

Mr. Tresner sought to recover for both his own injuries and the wrongful death of his wife. His petition asked for the $50,000.00 policy limit on each of the three policies, and further asked that the resulting total of $150,000.00 be doubled, as there were two uninsured motorists whose negligence caused the accident. In other words, Mr. Tresner stacked the three policies (in this case, "stacking" refers to the ability of an insured to recover on multiple coverages on separate vehicles for a single accident involving one of those covered vehicles), and then sought to apply that aggregate policy amount to *each* of the uninsured vehicles, for a total of $300,000.00.

A jury determined that both Driver A and Driver B were negligent, and that their negligence caused the accident. State Farm then filed a post-trial "Motion for Court to Determine Maximum Policy Amount Available," asking the trial court to enter judgment in the amount of $150,000.00 rather than the $300,000.00 amount which Mr. Tresner had sought in his petition. The trial court then awarded Mr. Tresner $150,000.00 in damages.

On appeal, Mr. Tresner claims that the trial court should have allowed him to recover the $150,000.00 policy limit for *each of the* two uninsured motorists whose negligence caused the accident. State Farm, on the other hand, claims that such a recovery is unsupported by precedent, and would be an improper extension of the legal meaning of stacking.

This is a case of first impression in Missouri; however, similar cases in other jurisdictions have refused to allow double recovery because two uninsured motor vehicles were involved in the accident. *Schaefer v. General Cas. Co.*, 175 Wis.2d 80, 498 N.W.2d 855 (App.1993); *Government Employees Ins. Co. v. Oliver*, 192 Cal.App.3d 12, 237 Cal. Rptr. 174 (1987); *Drewry v. State Farm Mutual Automobile Ins. Co.*, 204 Va. 231, 129 S.E.2d 681 (1963); *State Farm Mutual Automobile Insurance Co. v. Drewry*, 191 F.Supp. 852 (W.D.Va.1961), *affirmed, State Farm Mutual Automobile Ins. Co. v. Drewry*, 316 F.2d 716 (4th Cir.1963).

■ State Farm is correct in its assertion that this case does not involve stacking, which is defined as an insured's ability to obtain benefits either from more than one insurance policy, as when the insured has two or more separate vehicles under separate policies, or from multiple coverages within a single policy, as when an insured has one policy which covers more than one vehicle. 3 No–Fault and Uninsured Motorist Automobile Insurance, § 33.00, at 33–2 to 33–9. This is significant because, although "limits of liability" provisions preventing such stacking are impermissible (see *Cameron Mut. Ins. Co. v. Madden*, 533 S.W.2d 538, 539–45 (Mo. banc 1976)), such provisions can be valid insofar as they limit liability for other reasons, and therefore it is proper to look to those provisions to determine whether the policy or policies provide for a double recovery for two uninsured motor vehicles. *Schaefer*, 498 N.W.2d at 857.

■ In the case before us, each of Mr. Tresner's policies contained the following "limits of liability" provisions:

**Limits of Liability**

**Coverage U**

1. The amount of coverage is shown on the declarations page under "Limits of Liability––U—Each Person, Each Accident." Under "Each Person" is the amount of coverage for all damages, including damages for care and loss of services, arising out of and due to **bodily injury** to one **person.** Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person," for all such damages arising out of and due to **bodily injury** to two or more **persons** in the same accident.

. . . . .

4. The limits of liability are not increased because:

a. More than one vehicle is insured under this policy; or

b. More than one **person** is insured at the time of the accident.

(Emphasis in original.) The declarations page states that the limits of liability under Coverage U are $25,000.00 for each person and $50,000.00 for each accident.

Regardless of the number of uninsured motorists who contributed to the accident, the plain language of the policies unambiguously provides for a maximum recovery of $50,000.00 under each of the three policies. The trial court did not err by awarding Mr. Tresner a total of $150,000.00 under the three policies.

■ Nevertheless, Mr. Tresner argues that the wording of § 379.203, which provides for mandatory uninsured motorist coverage in Missouri, contemplates multiple recoveries where multiple uninsured motorists are involved. Section 379.203.1 requires automobile liability insurance to provide coverage

for the protection of persons insured thereunder who are legally entitled to recover damages from *owners or operators of uninsured motor vehicles* because of bodily injury, sickness or disease, including death, resulting therefrom. Such legal entitlement exists although the identity of the owner or operator of the motor vehicle cannot be established because such owner or operator and the motor vehicle departed the scene of the occurrence occasioning such bodily injury, sickness or disease, including death, before identification.

(Emphasis added.) Section 379.203.5 provides:

In any action on a policy of automobile liability insurance coverage providing for the protection of persons insured thereunder who are legally entitled to recover damages from *owners or operators of*

*uninsured motor vehicles,* the fact that the owner or operator of such uninsured motor vehicle whether known or unknown failed to file the report required by section 303.040, RSMo, shall be prima facie evidence of uninsured status.

(Emphasis added). Mr. Tresner's argument that the underlined phrases contemplate multiple recoveries where multiple uninsured motorists are involved is not persuasive. In § 379.203.1, the first plural reference to uninsured "owners or operators" is obviously a grammatical choice to agree with the prior plural reference to insured "persons," and the next sentence includes a reference to only a single uninsured "owner or operator." Similarly, in § 379.203.5, a plural reference to uninsured "owners or operators" is followed by a reference to a single uninsured "owner or operator." It is farfetched to interpret such language as evincing a legislative intent to provide for multiple recoveries where multiple uninsured motorists are involved.

Mr. Tresner also notes that the policies' provisions for underinsured motorist coverage include the additional limitation on liability that "[t]he limits of liability are not increased because ... more than one underinsured motor vehicle is involved in the same accident." Mr. Tresner argues that the absence of a parallel limitation in the policies' provisions for uninsured motorist coverage means that the policies allow for multiple recoveries where multiple uninsured motorists are involved. This, considered in isolation, fails to consider other, specific policy provisions. Mr. Tresner's claim is unpersuasive, as the plain language of the limits of liability provisions and the declarations page provide for a maximum recovery of $50,000.00 under each of the three policies, regardless of the number of uninsured motorists who contributed to the accident.

The judgment of the trial court is affirmed.

All concur.