BETTE SOWELL, ADMINISTRATRIX (ESTATE OF CYNTHIA D. SOWELL) *v.* THE TRAVELERS INDEMNITY INSURANCE COMPANY

SUPERIOR COURT      NEW LONDON COUNTY      FILE NO. 43931

Memorandum filed December 30, 1974

*O'Brien, Shafner, Garvey & Bartinik,* of Groton, for the plaintiff.

*Suisman, Shapiro, Wool & Brennan,* of New London, for the defendant.

Longo, J. On September 30, 1971, the plaintiff's decedent, Cynthia Sowell, while attempting to cross route 2 in Pawcatuck, Connecticut, walked in front of a car which was parked at an intersection. The complaint alleges that the illegally parked car, owned by Roland Mars, obstructed the vision of the child, and, as a result, she was struck by a car owned by Sadie M. Grispino and operated by Ann Macaione. Cynthia died five days later as a result of her injuries.

The plaintiff instituted an action against Mars, the owner of the alleged illegally parked car, and against Sadie Grispino, the owner of the moving car, and the operator, Ann Macaione. The Grispino car was insured with the required limits of $20,000, while the Mars car was uninsured.

Prior thereto, the defendant had issued an automobile insurance policy to Bette V. Sowell, the mother of the decedent, who was residing in the same household as the named insured. The policy contained a written agreement for arbitration concerning uninsured motorist's claims. This action was instituted as a result of the refusal of the defendant to proceed with arbitration in accordance with the policy provisions.

The defendant interposed a special defense claiming that the insurance afforded to Grispino is primary insurance and, accordingly, that there is no coverage under the provisions of the uninsured motorist clause of the policy issued by the defendant so long as there is other primary insurance available to the plaintiff under the Grispino policy. The plaintiff demurred to the special defense on the ground that it does not constitute a legal defense in Connecticut and is contrary to the policy contract between the parties.

The issue before the court is whether the plaintiff can compel the insurer to proceed to arbitration under the uninsured motorist provision of the automobile liability policy when one of the two alleged joint tort-feasors is insured.

The law with respect to insurance of the kind discussed here is in an early stage of development, and the cases in which such insurance has been involved, while dealing with a variety of questions, have not as yet shown a sufficiently clear trend to justify statements of well-settled rules or principles. 12 Couch, Insurance (2d Ed.) §45:619.

The limits of liability of the policy are stated in No. 17 (b) (1) of the conditions as follows: "(b) Any amount payable under the terms of this part [uninsured motorists] because of bodily injury sustained in an accident by a person who is insured under this Part shall be reduced by (1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured highway vehicle and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under Coverage A . . . ." The defendant argues that by virtue of this clause the Grispino insurance is primary insurance and serves to reduce the defendant's liability under the uninsured motorist coverage by any amount paid by or on behalf of Mars, and, further, that since the limit of the defendant's liability under the uninsured motorist coverage is $20,000, and since the plaintiff may collect as much as $20,000 from the insured tort-feasor, the Grispino insurance is primary and there is no coverage under the uninsured motorist coverage so long as that primary insurance is available.

On the other hand, the plaintiff argues that the policy contains no condition precedent to arbitra-

tion such as exhausting other resources or determining the liability of the insured tort-feasor or the coverage thereunder.

The defendant appears to rely on *Fouquier* v. *Travelers Ins. Co.*, 204 So. 2d 400 (La. App.). That case involves an action by an injured plaintiff resulting from a rear-end collision. She brought suit against the insurer of one operator, against an uninsured operator, and against her own insurer under the uninsured motorist provision of her policy. The lower court rendered judgment jointly against those three defendants. On appeal to the Court of Appeal, first circuit, the court held that the judgment against the plaintiff's insurer under the uninsured motorist provision was erroneous. The court stated that when an uninsured motorist is jointly liable with an insured motorist and the insurance is valid, enforceable and sufficient to cover the judgment realized by the plaintiff, there is no necessity for bringing into play the provisions of the uninsured motorist clause of the policy. It should be noted, however, that the Louisiana Supreme Court has never adopted the *Fouquier* rule.

The *Fouquier* rule was approved by an Ohio Court of Appeals in *Motorists Mutual Ins. Co.* v. *Tomanski*, 21 Ohio App. 2d 271. In that case Tomanski and his three minor children were injured in an accident involving two other vehicles, only one of which was insured. Tomanski sued both the insured driver and the uninsured driver for damages in tort. He also commenced arbitration proceedings against his insurer under the uninsured motorist provision in his policy. In the declaratory judgment petition brought by his insurer to stay the arbitration proceedings, the trial court sustained Tomanski's demurrer to the petition and dismissed the action. The Court of Appeals reversed, holding that there

was no uninsured motorist protection available so long as there was "other primary insurance available under the coverage of the insured tortfeasor." On appeal to the Supreme Court of Ohio, it held that the presence of the third vehicle does not alter the contractual obligation under the uninsured motorist provision of the policy of insurance, and reversed the judgment of the Court of Appeals. *Motorists Mutual Ins. Co.* v. *Tomanski,* 27 Ohio St. 2d 222. The court stated that the right to recover under an uninsured motorist insurance policy is on the contract, not in tort, and held that the right of recovery under the contract is not eliminated by the presence of an insured motor vehicle in the same accident.

Similarly, in *O'Brien* v. *Aetna Casualty & Surety Co.,* 33 App. Div. 2d 1085 (N.Y.), the New York Appellate Division held that the fact that an insured vehicle was involved did not preclude arbitration where a claim was made that the insured parties had also been hit by an uninsured automobile. See also *Sellers* v. *United States Fidelity & Guaranty Co.,* 185 So. 2d 689 (Fla.); *Mason* v. *Allstate Ins. Co.,* 189 So. 2d 907 (Fla. App.); *Rosenbaum* v. *American Surety Co.,* 12 App. Div. 2d 886 (N.Y.); *Merchants Mutual Casualty Co.* v. *Wildman,* 12 App. Div. 2d 664 (N.Y.).

The demurrer is sustained.