[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO VACATE ARBITRATION AWARD (#101) MOTION TO CONFIRM ARBITRATION AWARD (#102)
Nancy Mencuccini, the defendant, was injured on January 1, 1986, when two cars, one driven by Susan Casey ("Casey") and the other driven by Wayne Wilson ("Wilson"), collided, causing, the Casey vehicle to strike the defendant, a pedestrian.
The Casey vehicle carried $50,000.00 bodily injury liability coverage while the Wilson vehicle was uninsured. The defendant reached a settlement with Casey's insurance carrier for which she received $22,000.00. Thereafter, the defendant sought damages under her $50,000.00 Uninsured Motor Vehicle ("UM") policy, carried by the plaintiff Orion Group.
The two parties submitted the issue to arbitration and, on May 2, 1991, the Interim Ruling of the arbitrator, Attorney Anthony M. Fitzgerald, was issued, stating that the defendant was not required to exhaust Casey's liability policy as a prerequisite to recovering pursuant to her uninsured/underinsured motorist benefits.
On June 24, 1491, following a hearing on the matter, the arbitrator determined that the accident was caused by the concurrent negligence of Casey and Wilson, and that the defendant was entitled to recover $8,000.00 from the plaintiff pursuant to her UM policy, thereby totalling $30,000.00 in damages.
On August 9, 1991, pursuant to Conn. Gen. Stat. 52-417, the defendant filed a motion to confirm the Arbitration Award, on the grounds that the arbitrator correctly decided that the plaintiff's policy provided UM coverage under the circumstances of this case and that the arbitrator did not err by failing to conform a final award dated June 24, 1991 to plaintiff's submission dated June 18, 1991, as the submission had not been agreed to by the parties.
On August 15, 1991, the plaintiff filed a motion to vacate the arbitration award on the grounds that the arbitrator exceeded his powers or so CT Page 8719 imperfectly executed them by failing to conform his award to the law in ruling that the defendant need not exhaust all liability policies before UM payments can be recovered and, in the alternative, because the arbitrator did not conform the award to the submission by failing to determine the percentage of negligence of each of the tortfeasors pursuant to plaintiff's submission.
The Connecticut Supreme Court has held:
 that, where judicial review of compulsory arbitration proceedings required by 38-175 (c)(a)(1) [now 38a-336 (c)] is undertaken under General Statutes 52-418, the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators. The court is not bound by the limitations contractually placed on the extent of its review as in voluntary arbitration proceedings.
American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 191 (1987).
The plaintiff, in its memorandum in support of its motion to vacate, argues that Conn. Gen. Stat. 38a-336 [formerly 38-175c] requires exhaustion of the policy limits of the insured motorist. Conn. Gen. Stat. 38a-336 (b) states that:
 An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured coverage, exceed the limits of the insured's uninsured motorist coverage.
Id.
The defendant, in its memorandum in support of her motion to confirm the arbitrator's award, argues that her right to recover under the UM provisions of her policy with the plaintiff is predicated on the fact that she seeks recovery for injuries caused by the negligent acts of two tortfeasors, one of whom was uninsured, and therefore, the UM provisions of her policy are activated, regardless of her decision to settle her claim with the one insured tortfeasor. Thus, in this situation, she need not exhaust all bodily injury liability bonds or insurance policies applicable at the time of the accident prior to recovering under her own UM coverage.
When "the language of a statute is plain and unambiguous, [the court] need look no further than the words themselves because [it] assume[s] that the language expresses the legislature's intent." Travelers Indemnity Co. v. Malec, 215 Conn. 399, 404 (1990), (citing DelGreco, 205 Conn. at 193). When the court is confronted with an ambiguity in a statute, it must "`seek to ascertain the actual intent by looking to the words of the statute CT Page 8720 itself . . . the legislative history and circumstances surrounding the enactment of the statute. . .and the purpose the statute is to serve.'" White v. Burns, 213 Conn. 307, 311 (1990) (quoting Rhodes v. Hartford,201 Conn. 89, 93, 513 A.2d 124 (1986)).
In applying the above standards to the present case, it appears that the Connecticut legislature did not anticipate the application of General Statutes Section 38a-336 to incidents caused by and involving multiple tortfeasors. The language of the statute demonstrates the legislature's intent "to protect and make whole a person injured at the hands of an uninsured/underinsured motorist." DelGreco, 205 Conn. at 197. The statute states, in pertinent part, that "[e]ach automobile liability insurance policy shall provide insurance for the protection of persons insured thereunder. . .from owners or operators of uninsured motor vehicles and underinsured motor vehicles. . . ." General Statutes Section 38a-336 (a) (1). (Emphasis added.) Insofar as the language is clear and unambiguous, it is deemed to express the legislature's intent. Malec, supra. The statute demonstrates that the legislature intended to protect people from uninsured motorists, not from insured motorists with coverage adequate to compensate the victim. The difficulty in the present case arises from the fact that there exist two tortfeasors, both of whose negligence proximately caused the defendant's injury. See Final Award (June 24, 1991).
In DelGreco the court held that "[a]lthough the language of subsection (b), does not specifically limit the phrase `all bodily injury bonds or insurance policies applicable at the time of the accident `to the tortfeasor's motor vehicle. . ., when it is read together with the entire statute, in order for the legislature to be consistent, it must. . .be interpreted as referring to any automobile policy issued to the tortfeasor." DelGreco, 205 Conn. at 195 (emphasis added). When read in conjunction with the legislature's intent to protect the victim specifically from uninsured owners and operators of motor vehicles, the statute should be interpreted to apply to uninsured tortfeasors only, not to all tortfeasors in general. Thus, the statute should be read to apply only to the defendant claim against the uninsured tortfeasor.
In McAllaster v. Bruton, 655 F. Sup. 1371 (D.Me. 1987), the United States District Court applied Connecticut law in determining that General Statutes [Section 38a-336 (b)] does not require exhaustion of all liability insurance before reaching an underinsured policy. Indeed, the McAllaster court concluded that "the Connecticut legislature was not contemplating multi-vehicle accidents when it enacted Section 38-175c(b)(1) [now section 38a-336 (b)] but was merely considering the relationship between the insured and the underinsured motorist. . .[and that] the Connecticut statute does not address the issue [of multi-vehicle accidents]." McAllaster, 655 F. Supp. at 1378. The McAllaster court also reviewed the Connecticut regulations, concluding that nothing in the regulatory language could be "construed as a requirement that the insured pursue alternative methods of recovery, other than from the underinsured motorist, before he can recover from his own policy." Id. at 1379. Accordingly, the court found CT Page 8721 that nothing in the statute, policy or regulations calls for the [defendant] to recover from the insured tortfeasor before recovering under its own UM policy.
Another case which discussed this issue was Sowell v. Travelers Indemnity Insurance Co., 31 Conn. Sup. 413, 332 A.2d 792 (1974, Longo, J.). Sowell involved a plaintiff whose child was killed as the result of the joint negligence of two tortfeasors, one insured, the other uninsured. The court, relying on the decision in Motorists Mutual Ins. Co. v. Tomanski,27 Ohio St.2d 222, 271 N.E.2d 924 (1971), stated that the right to recover "under an uninsured motorist insurance policy is on the contract, not in tort," and that the right to recover under such a "policy was not eliminated by the presence of an insured vehicle in the same accident that involved an uninsured motor vehicle."
A third case dealing with this issue is Sanzone v. Aetna Casualty Surety Co. In Sanzone, the court held that the plaintiff did not have to obtain a judgment in his case against other insured tortfeasors prior to seeking his remedy pursuant to his UM coverage. Sanzone, Arbitration proceeding, January 24, 1989; Confirmed, D.N. CV-89-291850, Judicial District of New Haven (January 8, 1990, Hodgson, J.).
General Accident Insurance Co. v. Wheeler, No. 30-29-98, Judicial District of Danbury (February 4, 1991, Moraghan, J.), involved a pedestrian who was struck by a vehicle operated by Michael Norkowski, who claimed he was blinded by the illuminated headlights of an unoccupied police car. Wheeler had UM insurance under his parents' policies in the amount of $300,000.00. Norkowski's vehicle was insured in the amount of $20,000.00, and the city of Danbury and the two police officers, also the subject of an action by Wheeler, were insured in the amount of $1,000,000.00. The Wheeler court followed the precedent set forth in Sanzone, Sowell, and McAllaster, determining that Wheeler need not exhaust his remedies against the City as a prerequisite to recovering pursuant to his underinsured motorist policy. The Wheeler court further found that the insurer's policy complied with the statute and that it was unclear whether certain terms in General Statutes Section 38a-336 (b) require "exhaustion of a joint insured tortfeasor's policy." Wheeler, supra at 11. Consequently, since unclear or ambiguous language in insurance policies must be construed against the insurance company, Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 584,573 A.2d 699 (1990), the insured prevailed. The Wheeler case is on appeal to the Supreme Court. The recent Supreme Court decision in Continental Insurance Co. v. Cebe-Habersky, 214 Conn. 209, 571 A.2d 104 (1990), contrary to plaintiff's argument not applicable here. That case involved only one tortfeasor.
The final issue to be decided is whether or not the arbitrator exceeded his power or so imperfectly executed it by failing to conform the final award to the submission. The plaintiff argues that because the arbitrator failed to determine the percentage of the uninsured tortfeasor's negligence payment cannot be made. CT Page 8722
It is "`the established policy of the courts to regard awards with liberality. Every reasonable presumption and intendment will be made in favor of the award and of the arbitrators' acts and proceedings. Hence, the burden rests on the party attacking the award to produce evidence sufficient to invalidate or avoid it.'" American Fed'n of State, County and Municipal Employees v. New Britain, 206 Conn. 465, 472 538 A.2d 1022 (1986) (quoting Von Langendorff v. Riordan, 147 Conn. 524, 527, 163 A.2d 100 (1960)).
In the present case, the plaintiff's submission requested that the arbitrator determine the total amount of damages sustained by the defendant. The arbitrator was also asked to determine the percentage of the defendant's contributory negligence, as well as the percentage of negligence of and damages attributable to both Casey and Wilson. Finally, the plaintiff's submission requested that the arbitrator determine the damages to be assessed to the plaintiff.
The Final Award shows that the arbitrator found that the defendant was not contributorily negligent and that she was entitled to a total recovery of $30,000.00. Additionally, he found the concurrent negligence of Wilson and Casey to be the cause of defendant's injury. With regard to the questions of the degree of negligence, and considering the policy of upholding the arbitrator's decision, American Fed'n of State, County and Municipal Employees supra at 472, one can infer that the award of $8,000.00 to be paid by the plaintiff constitutes a finding as to Wilson's degree of negligence. Consequently, the arbitrator did not exceed his powers or imperfectly execute them. The award is confirmed.
SUSCO, J.